## HIRAM HODGES *vs.* SETH HODGES & others.

Where a deed of land, executed and acknowledged by the grantor, was delivered by him to two of the three grantees therein named, by whom it was retained for some time, without being recorded, and was then given back by them, without the knowledge or consent of the third grantee, to the grantor, by whom the same was destroyed, and the grantor subsequently died, it was held, that the declaration of the grantor, that he had made such a deed, was admissible in evidence, after his death, against his heirs or devisees.

The admissions of two out of several respondents, in a petition for partition, are competent evidence against such respondents, but not against the others.

The scrivener who drew a deed which had been given back to the grantor and destroyed by him being called as a witness to testify to the contents of the deed; and having stated that it contained one of two conditions, and that his mind was equally balanced, as to which of the two it contained; but that he had a strong

belief on the point, derived partly from his recollection of the instructions given him by the grantor for drawing the deed, and partly from the subsequent acts and declarations of the grantor; it was held, that the witness could not be inquired of, either as to his belief, or as to the instructions, for the purpose of defeating or limiting the estate granted; and if the conditions were repugnant to the grant, and therefore void, the evidence was inadmissible on that ground.

THIS was a petition for partition, in which the petitioner claimed to be seized in fee of the premises described in his petition, as tenant in common with the respondents, Seth Hodges, Simeon W. Hodges, John Hunt and others, all of whom, together with the petitioner, were children of Seth Hodges, deceased, who died in 1844. All parties claimed under Seth Hodges, the respondents as devisees, and the petitioner as grantee. The trial was before *Ward*, J., in the court of common pleas.

In his opening, the petitioner claimed one third of one third of the premises, under a deed from his father to him and his brothers Seth and Simeon, made in 1839, of one undivided third of the premises ; which deed, the petitioner alleged, was delivered to his two brothers, and kept by them some time, without being recorded, and was finally without his consent given up to the grantor, and destroyed by him, about the time when he made his will.

To establish this case, the petitioner called a witness, who testified to declarations of Seth Hodges, the father, made a year or two previous to his death, that he had made a deed of one third part of the premises to his three sons, the petitioner and Seth and Simeon. To this evidence, the respondents objected, but it was admitted by the court.

The petitioner also offered evidence of declarations made by Seth and Simeon, two of the respondents, that their father had made such a deed, which was at one time in the possession of Simeon, and was given up to the father, without the knowledge of Hiram. This evidence was objected to by the respondents, but admitted by the court.

The respondents, in their defence, called the scrivener, a justice of the peace, by whom the deed was written, and who testified, that in 1839, he wrote for the father an instrument,

"in the nature of a deed" of the premises from the father to the three sons, Hiram, Seth, and Simeon ; that it was signed, sealed and acknowledged before him by the father; that it was not an absolute deed, but contained " some conditions; " that it contained " a condition, either that the father was to have a right to dispose of the property, during his life, or the right of improving it during his life ; " that this was all he could remember of the contents of the deed ; that he could not be more precise ; that his mind was " equally balanced," as to which of these two conditions was in the deed, from his memory of the instrument itself ; but that he had a strong assurance on this point, or belief, derived partly from his recollections of instructions given by the grantor, when he drew the deed, and partly from subsequent acts and declarations of the grantor ; that his belief was made up of all these elements, and especially of the two last, and not from his recollection of the instrument. The witness was then asked by the respondents, what that belief was ; but the court ruled that the question was not competent. The respondents then asked what the instructions were, which were given before the deed was drawn, for the purpose of showing what the contents of the deed probably were. The court ruled that the instructions were not admissible ; but asked the witness, whether, recollecting the instructions and declarations of the grantor, his recollection of the condition itself of the deed was still equally balanced as before ; and the witness replied that it was.

The respondents then offered the will of Seth Hodges, the father, under which they claimed, to show that they were sole seized. But the petitioner admitted that they were sole seized by it, unless he should succeed in establishing the deed under which he claimed, and the court thereupon ruled that it was immaterial for this purpose.

The counsel for the respondents then offered the affidavit of Seth and Simeon Hodges, two of the respondents, for whom as well as the others the counsel appeared and acted, to show their account of what they knew of the existence.

contents and destruction of the deed. But the court rejected the evidence.

In charging the jury the judge instructed them, that the burden of proof was on the petitioner to prove the deed, and that its contents gave a fee to the petitioner, and that if they were in doubt on this point, they must find for the respondent. The jury returned a verdict for the petitioner, and the respondents alleged exceptions.

*N. Morton,* for the respondents.

1. The declarations of the father were inadmissible. *Bartlett* v. *Delprat,* 4 Mass. 702 ; *Clarke* v. *Waite,* 12 Mass. 439 ; *Bridge* v. *Eggleston,* 14 Mass. 245 ; *Christopher* v. *Covington,* 2 B. Monr. 357 ; *Brackett* v. *Waite,* 6 Verm. 411 ; *Sharp* v. *Wickliffe,* 3 Littell, 10 ; *Porteus* v. *Porteus,* 3 Watts & Serg. 127 ; *Fitch* v. *Chapman,* 10 Conn. 8 ; *Sasser* v. *Herring,* 3 Devereux, 340 ; *Barrett* v. *French,* 1 Conn. 354 ; *Jackson* v. *Shearman,* 6 Johns. 19 ; *Jackson* v. *Vosburgh,* 7 Johns. 186 ; *Jackson* v. *Kisselbrack,* 10 Johns. 336 ; *Jackson* v. *Miller,* 6 Cow. 751 ; *Jackson* v. *Cris,* 11 Johns. 437 ; *Jackson* v. *Vredenburgh,* 1 Johns. 159 ; *Jackson* v. *Myers,* 11 Wend. 533.

2. The declarations of the two respondents, Seth and Simeon Hodges, were inadmissible. 1 Greenl. Ev. § 176 ; *Dan* v. *Brown,* 4 Cow. 483 ; *Smith* v. *Vincent,* 15 Conn. 1 ; *Hackley* v. *Patrick,* 3 Johns. 536 ; *Smith* v. *Ludlow,* 6 Johns. 267 ; *Whitney* v. *Ferris,* 10 Johns. 66.

3. The scrivener should have been allowed to testify to his belief. A witness is not required to speak with such certainty, as to exclude all doubt in his mind. 1 Greenl. Ev. § 440 ; *Miller's Case,* 3 Wils. 437 ; *Clark* v. *Bigelow,* 4 Shepl. 246 ; *Lewis* v. *Freeman,* 5 Shepl. 260.

4. The instructions of the grantor to the scrivener were competent evidence, as a part of the *res gestæ.* 1 Greenl. Ev. § 108 ; *Enos* v. *Tuttle,* 3 Conn. 250 ; *Taylor's Case,* 9 Paige, 611 ; Story on Bailm. § 339 ; *Doorman* v. *Jenkins,* 2 Ad. & El. 80 ; *Robison* v. *Sweet,* 3 Greenl. R. 316.

*H. G. O. Colby* and *H. Pratt,* for the petitioner.

1. The declarations of a grantor, in support of his grant, are admissible, though not to impeach it. *Binney* v. *Hull*, 5 Pick. 503; *Davis* v. *Spooner*, 3 Pick. 284; *Brandt* v. *Klein*, 17 Johns. 339; *Brown* v. *Brown*, 1 Wood. & Min. 325; *Arnold* v. *Buffum*, 2 Mason, 207; *Ruggles* v. *Rawson*, 13 Johns. 285; *Higham* v. *Ridgway*, 2 Smith's L. C. (Am. ed.) 183; *Ivatt* v. *Finch*, 1 Taunt. 141; *Union Canal Co.* v. *Loyd*, 4 Watts & Serg. 393. But as the evidence of the grantors' declarations afterwards became immaterial, when the scrivener was called, there is no ground for a new trial, even if they were improperly admitted. *Prince* v. *Shepard*, 9 Pick. 176; *Thompson* v. *Lothrop*, 21 Pick. 336; *Potter* v. *Tyler*, 2 Met. 58.

2. The admissions of the two respondents, Seth and Simeon Hodges, were properly received as against them; and it does not appear that they were received against the other respondents.

3. The belief of the witness, not being derived from his recollection of the fact, but from other sources, was clearly inadmissible. 1 Greenl. Ev. § 440.

4. Instructions to a scrivener are never admissible, when the instrument has been drawn.

As to the nature of the estate, conveyed by the deed to the petitioner and the respondents, Seth and Simeon, the counsel referred to *Wallis* v. *Wallis*, 4 Mass. 136; *Cutler* v. *Tufts*, 3 Pick. 272; *Sprague* v. *Snow*, 4 Pick. 54; *Hemback* v. *Westbrook*, 9 Johns. 73; *Hornbeck* v. *Sleght*, 12 Johns. 199; *Parker* v. *Nichols*, 7 Pick. 111; *Bullard* v. *Briggs*, 7 Pick. 533; *Gale* v. *Coburn*, 18 Pick. 397; *Brewer* v. *Hardy*, 22 Pick. 376.

WILDE, J. This is a petition for partition, in which the petitioner claims an undivided third part of the premises, by virtue of a deed from his father Seth Hodges, deceased, to himself and to his brothers, Seth and Simeon, the respondents. The deed was never recorded; but as the respondents claim as devisees of Seth Hodges, the father, this is no objection to the validity of the deed.

The petitioner alleged, that the deed was delivered to his two brothers, and kept by them some time, and was afterwards, without his consent, given up to the grantor, and destroyed by him. The case comes before us on exceptions, taken at the trial, to the rulings of the court admitting the evidence offered by the petitioner to prove these facts.

The first exception taken was to the evidence of the declarations of the grantor. It is true, that the declarations of a grantor impeaching his grant are not admissible; and it may be true, that his declarations in support of his grant are only admissible against himself and his heirs and devisees; and then only after proof of the loss or destruction of the deed. But in the present case, it was proved that the deed had been given up to the grantor; and his declarations against his interest were therefore clearly admissible, after his death, in an action against his heirs or devisees. Such declarations might have been proved in an action against him; and upon principle, and the authorities cited by counsel, the same evidence was rightly admitted in the present suit against his devisees. *Ivatt* v. *Finch*, 1 Taunt. 141; 3 Bing. N. C. 29; *Doe* v. *Jones*, 1 Campb. 367; 1 Greenl. Ev. § 147, and the cases there cited.

The second exception was to the admission of evidence of the declarations of two of the respondents. It is objected, that these declarations were not binding on the other respondents. But that question was not raised at the trial, and no instruction on that point was requested. That the evidence was admissible, cannot, we think, admit of a doubt.

The next exception relates to the ruling of the court as to the testimony of the justice of the peace who wrote the deed under which the petitioner claims title. He testified that it was an absolute deed, but contained some conditions; "that it contained a condition either that the father was to have a right to dispose of the property during his life, or the right of improving it during his life; and that his mind was equally balanced as to which of these two conditions was in the deed; but that he had a strong assurance on this point,

or belief, derived partly from his recollections of instructions given by the grantor when he drew the deed, and partly from subsequent acts and declarations of the grantor."

The witness was then asked by the respondents, what his belief was, and what were the instructions given by the grantor. But the court ruled, that the answer to these questions was inadmissible. And we cannot doubt that this ruling was correct; for the belief of the witness, founded wholly or partly on the acts and declarations of the grantor, done and made subsequently to the deed, was inadmissible for the purpose of defeating or limiting the estate granted. But there is another decisive answer to this exception. The witness testified, that the deed contained one of two conditions, and he was uncertain which. Now it is clear, that neither of these conditions would defeat the petitioner's title.

If the condition were, "that the grantor was to have a right to dispose of the property during his life," this would be repugnant to the grant and void. So if a man makes a feoffment in fee upon condition that the feoffee shall not take the profits of the land, or that the feoffor shall have the profits, this condition is void, because it is repugnant to the grant. Co. Lit. 206; Bac. Ab. Conditions, L. So, if the condition were, that the grantor should have the right of improving the property during his life, it would be repugnant to the estate granted and void; or if otherwise, the petitioner would be entitled to the land after the death of the grantor; for, although the conveyance would not be good as a deed of bargain and sale, if an estate for life were reserved to the grantor, it might well be construed as a covenant to stand seized so as to effectuate the manifest intent of the parties.

*Exceptions overruled.*