MICHAEL KEATING

v.

WILLIAM P. NELSON.

*Master and Servant— Building Contractor—Balance Due—Recovery of—Architect's Certificate— Poor Quality of Work—Evidence.*

A building contractor alone signing a written agreement making the de-

cision of the architect of a given structure final in case of a disagreement with its owner, and the contract price payable in installments upon presentation only of the architect's certificate, said instrument showing upon its face that it was to be executed by both the owner and contractor. and was not to bind either unless both were bound, may recover for services rendered regardless of the same.

[Opinion filed July 2, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Hynes & Dunne, for appellant.

Mr. Charles F. White, for appellee.

Garnett, P. J. In March, 1885, appellee made an agreement with appellant to do the painting and glazing of two buildings on Vernon avenue, in Chicago, which appellant was then erecting, according to specifications which had been prepared by the architects of appellant.

The contract price for the work was $823. Appellee proceeded with the work and on April 23, 1886, when it was about two-thirds completed, his brother called on the architect for a payment on account. The architect then insisted on the execution of a written contract, making his decision final in case of any disagreement between the parties relating to the performance of any agreement therein contained, and making the contract price payable in installments of $500 and $323 on presentation of certificates of the architect.

Appellee's brother accordingly signed the contract for appellee and received a certificate for $500, which appellant paid. It is admitted that the execution of the agreement was by authority impliedly given by appellee, but there is no pretense that prior to that time any written contract was ever agreed on or spoken of between the parties, nor is there any evidence tending to prove that Keating ever saw or heard of, or consented to the terms of the alleged written contract before this dispute arose. It was left with the architect, who

appears to have retained it in his possession, but so far as we are able to discover he had no authority from Keating to make himself the umpire between the parties, or to make his certificate final.

When the work was finished he refused to give appellee a certificate for the balance due, because of the alleged poor character of the work, and the defense now is that the writing governs, and nothing is due until a written certificate of the architect is presented.

It is quite plain that if the decision of the architect had been favorable to appellee, it would not have been conclusive on appellant, but he still might have defended on the ground that the work was not properly done. How appellee could be bound by the terms of the writing when appellant was in no sense a party to it, is not explained. It shows upon its face that it was to be executed by both parties, and was not to bind either unless both were bound. It was an instrument to be executed *inter partes*, or at least to be assented to by both, and contained agreements to be executed by each.

In a similar case (Waggeman v. Bracken, 52 Ill. 468) the court held the writing to be no evidence tending to prove an agreement between the parties. We think the ruling of the trial court, excluding the instrument in question from the jury, was correct, and as there was evidence to support the verdict, and no error intervened in the giving or refusing of instructions, the judgment is affirmed.

*Judgment affirmed.*

GARY J., took no part in this case.