# CHARLESTON.

A. M. HERNDON *et al,* v. THOMAS MEADOWS.

Submitted April 27, 1920.   Decided May 18, 1920.

1.   CONTRACT—*Where One of Parties to Written Contract for Lease of Land Did not Sign it, Held, There is no Completed Contract.*

    Where, after negotiations, parties reduce their understandings to writing which provides for the signatures of all of them thereto, and there is nothing to show that they intended their contract to be completed unless such writing was signed by all of the parties, and the subject matter is such as is ordinarily the subject of a contract in writing, as in this case a contract to lease land for a term of thirty years, and one of the parties does not execute the written contract, it will be held that there was no completed contract binding upon the parties.   (p. 501).

2.   SAME—*Rule Stated as to Conditions Making it Essential That a written Contract for a Lease Should be Executed by All Parties.*

    In such case, whether or not the due execution by all of the parties of the written contract will be considered as essential to bind any of them will depend upon the conditions which brought it into being. If the subject matter of the contract is such as is ordinarily covered by a contract in writing, if the paper itself shows that the signatures of all the parties were contemplated thereto, and the matter contracted about is such that unless signed by all the parties they would not all be

bound thereby, in the absence of a showing of something done under the contract indicating the intention that it should be carried out, notwithstanding the non execution of the writing upon the part of one of the parties thereto, it will be held not to constitute a binding obligation upon any of the parties. (p. 501).

Error to Circuit Court, Raleigh County.

Action by A. M. Herndon and others against Thomas Meadows. Directed verdict for defendant, and judgment of nil capiat thereon, and plaintiff Herndon brings error.

*Affirmed.*

*A. A. Lilly* and *Thos. N. Read,* for plaintiff in error.

*McGinnis & Halcher* and *Ashton File,* for defendant in error.

RITZ, JUDGE:

The defendant was the owner of a tract of about one hundred acres of land in Raleigh county, and the plaintiff Herndon desired to secure a lease thereon for the purpose of operating the same for coal. After some negotiations a conclusion was arrived at to the effect that the defendant would lease the land to Herndon and defendant's grandson, C. P. Tolley, upon certain terms. The plaintiff undertook to have the contract reduced to writing, and with that view he had a writing prepared purporting to be between the defendant of the first part, and himself and C. P. Tolley, of the second part, by which the defendant agreed to execute to the parties of the second part a lease for coal mining purposes on the land for the term of thirty years, upon certain conditions expressed in the writing, among others the provision for the payment of certain minimum rental and royalties during the whole time, and in the writing further providing that the parties of the second part, to-wit, Herndon and Tolley would have the right to withdraw from the contract within ninety days from its date. Provision was made for the signatures of all of the parties to this contract. It appears from the evidence that it was prepared in duplicate, evidently with the intention that each party should retain a copy thereof after it was executed. Upon it being presented to the defendant for execution he signed and acknowledged it before a notary public, and the plaintiff Herndon retained both copies, evidently for the purpose of having it executed by himself and Tolley. It

was subsequently signed by Herndon, but Tolley never did execute it. The plaintiff Herndon says that he had a lease prepared in accordance with the terms of the contract, and presented it to the defendant to be executed. This, according to the evidence of Herndon, the defendant refused to do. He further states that he had a second lease prepared to meet some objection of the defendant, and that the defendant refused to execute it. The defendant upon his part says that Herndon never called upon him to execute a lease, but came to him and asked to be relieved from the contract in view of the fact that he was unable to raise the money necessary to carry on the operations. Nothing further was done in regard to the matter until some two years thereafter when the defendant sold the land to other parties. Herndon thereupon again called upon him to execute his contract, knowing, however, that he had already sold the land, and upon his failure to comply with these demands this suit was brought for the purpose of recovering damages for the breach of the alleged contract by the defendant by his refusal to execute a lease for the property. Upon the trial of the case the court directed a verdict for the defendant, and rendered a judgment of *nil capiat* thereon, to review which this writ of error is prosecuted.

To support the judgment of the circuit court it is argued that the contract between the parties was never completed, it having never been signed by Tolley, and one of the copies delivered to the defendant, and that for this reason the lower court committed no error in directing a verdict for the defendant. Where the parties to a contract reduce their agreements to writing with the purpose and expectation that the same shall be signed by all of the parties before the agreement is completed, the failure or refusal of one party thereto to execute will excuse all of the parties from performance. Where, however, the agreement of the parties is complete, and the writing is simply treated as a memorial of the contract already entered into between them, and its execution not necessary to the completion of the contract, the parties will be bound, notwithstanding some of them have not executed the writing. In this case we have an agreement for the lease of a tract of land for the

term of thirty years, with the privilege of an extension for twenty years. We have the agreement reduced to writing in a form which on its face contemplates its execution by all of the parties. It is prepared in duplicate with the evident intention that each party shall retain a copy thereof. It is such a contract as is required to be in writing in order to be enforceable under the Statute of Frauds. It bound the defendant to execute this lease on certain terms, and the plaintiffs were also bound to make certain payments and perform certain covenants and conditions upon their part. Nothing was ever done under the contract by either of the parties as evidence that it was not their intention that the same should be signed by all of them. There is no doubt but that where a contract in writing is executed by only one of the parties, and the other party waives the execution by accepting performance or by doing something under the contract which shows that the parties did not contemplate its complete execution as a prerequisite to a valid contract, it will be binding, but where a contract is reduced to writing and the subject matter is such that people do not ordinarily contract in regard to it without expressing their agreements in a writing, and the paper on its face indicates that it is the intention that all of the partes shall execute it, and nothing is done under the contract to indicate that the parties intend their agreements to be binding whether the writing is signed or not, it will be held that there is no completed contract, unless all of the parties thereto execute the same. Clearly it was the intention of Meadows to have the other parties bound by this contract if he was bound. This is evidenced by the fact that the contract itself shows it was to be executed by all of the parties, and, further, it was prepared in duplicate with the evident purpose that one copy should be retained by each side, and further, it was such a contract as that in its present condition the Statute of Frauds would prevent Meadows from getting relief, should the plaintiffs fail to perform, while he, having executed it on his part, the plaintiffs could maintain a suit to have relief against him in case of his failure to perform. This doctrine is well supported by the authorities. 13 C. J. 305; *Steamship Co.* v. *Swift,* 86 Me. 248; 41 Am. St. Rep. 545; *Arnold* v. *Schar-*

*bauer,* 116 Fed. 492; *Hinota* v. *Brigman,* 44 Fla. 589; *Fish* v. *Johnson,* 16 La. Ann. 29; *Griefen* v. *Hubbard,* 112 Ill. App. 16; *Keating* v. *Nelson,* 33 Ill. App. 357; *Bruch* v. *Shafer,* 235 Pa. St. 590; *Keller* v. *Blasdel,* 1 Nev. 491; *Benson* v. *Ashford* (Tex.) 189 S. W. 1093.

Under the circumstances shown to exist in this case the court did not err in directing a verdict for the defendant, for the reason that there had never been a completed contract between the parties. The judgment complained of will, therefore, be affirmed.

*Affirmed.*