# CHARLESTON.

OTTO HOON *v.* I. S. HYMAN *et al.*

Submitted February 1, 1921. Decided February 8, 1921.

1. PRINCIPAL AND AGENT—*Agent of Disclosed Principal Not Liable for Breach of Contract Within Authority.*

    The agent of a disclosed principal is not liable in damages for the breach of a contract made by him on behalf of his principal, unless it be shown that he acted beyond the scope of his authority. (p. 661).

2. BROKERS—*Contract Between Broker and Purchaser Incomplete Where Not Accepted by Owner As Intended.*

    Where, after negotiations, parties reduce their understandings to writing, which writing provides for the signatures of all of them thereto, and further for the approval of the contract by a third party, upon whose behalf one of the parties is acting as agent, and there is nothing to show that they intended the contract to be complete unless such writing was

signed by all of such parties, and the subject-matter is such as is ordinarily the subject of a contract in writing, as in this case the sale of real estate, and one of the parties does not sign said contract, and the principal whose acceptance thereof is provided for does not accept the same, it will be held that there was no completed contract binding upon the parties. (p. 662).

3.  VENDOR AND PURCHASER—*Measure of Damages for Breach of Executory Contract to Convey Real Estate Stated.*

    The measure of damages for the breach of an executory contract to convey real estate, in the absence of any showing of fraud, is the purchase money paid by the vendee with interest. If he has paid nothing, he can recover only nominal damages. (p. 663).

Error to Circuit Court, Cabell County.

Action by Otto Hoon against I. S. Hyman and others. Judgment for plaintiff, and defendants bring error.

*Reversed and remanded.*

*Livezey & Irons* and *S. S. McNeer,* for plaintiffs in error.

RITZ, PRESIDENT:

This writ of error brings up for review a judgment of the circuit court of Cabell county in favor of the plaintiff for damages for breach of a contract for the sale of a house and lot situate in the city of Huntington.

It appears that the defendants I. S. Hyman and Mrs. W. B. Inman were partners in the real estate business under the name of Huntington Realty Company. This firm had for sale a house and lot situate in the city of Huntington belonging to a man by the name of Mucklow. The plaintiff, desiring to purchase a house, entered into negotiations with the defendants, which resulted in an agreement in writing being prepared on the 23d day of April, 1919, providing for the sale to the plaintiff, for the sum of thirty-two hundred dollars, of the premises at 821 Adams Avenue, being the property of Mucklow, five hundred dollars of which purchase money was paid in cash at the time, and the balance to be paid upon certain terms. There were some other provisions in the contract not material to be stated. There is in it, however, a provision that possession

was to be given on or before the .... day of ......... This contract was signed in the name of Huntington Realty Company by I. S. Hyman. There was a blank space provided under which the word purchaser appears, and there was also a blank space under the word accepted, and under which blank space the word owner appears, indicating that the contract was to be signed by the purchaser, and accepted by the owner. The owner of the property did not live in the city of Huntington, but he came to that city on the same day, or the next day after this transaction, and the contract was presented to him for his acceptance. He declined to accept the same, stating that in addition to the consideration of thirty-two hundred dollars the purchaser was to assume a lien of $750.00 against the property, and that there was a mistake to this extent. The defendants informed the plaintiff of the owner's refusal to accept the contract, or to make a deed upon the terms specified therein, and returned the five hundred dollars paid at the time the contract was executed. The property was afterwards sold through these same agents for the sum of forty-two hundred dollars, and the plaintiff then brought this suit to recover damages in the amount of one thousand dollars, the difference between the price at which he negotiated for the purchase of the property, and the price at which it was subsequently sold.

The suit, it will be observed, is against the agents who executed the contract. Can the plaintiff maintain this suit against these defendants upon the showing made? Upon the face of the contract it appears that Mucklow is the owner of the property, and that the defendants were only his agents for the sale of it. There is no showing in the case that the agents exceeded their authority in making the contract. As to how the mistake occurred does not clearly appear, but Mrs. Inman, who was introduced as a witness on behalf of the plaintiff, testifies that the contract made for the sale of this property to the plaintiff was in accordance with the written authority which the defendants had from Mucklow. This written authority is not introduced in evidence. It was shown that it was in the possession of one of the counsel for the defendants who was out of town, and could not for that reason be procured. It is

very well established that the agent of a known and disclosed principal is not liable to one with whom he contracts for a breach of the contract, provided he acts within the scope of his authority. He warrants to the party with whom he contracts that he is authorized to make the contract that he makes on behalf of his principal, and unless it turns out that he has acted without authority, or in excess of his authority, there is no liability on the part of the agent. 2 C. J. 812; 21 R. C. L. title "Principal and Agent" § 93; Mechem on Agency, § 1357; *Farmers Cooperative Trust Company* v. *Floyd,* 47 Ohio State 525; 12 L. R. A. 346; *Kansas National Bank* v. *Bay,* 62 Kan. 692, 54 L. R. A. 408; *Leroy* v. *Jacobsky,* 136 N. C. 443, 67 L. R. A. 977. In this case it clearly appears from the undisputed testimony, as well as from the face of the contract, that the agency of the defendants was known to the plaintiff. The contract itself recites that the property is the property of Mucklow, from which it necessarily follows that the defendants were selling it as Mucklow's agents. In addition to this Hyman testifies, and in this he is not contradicted, that he informed the plaintiff's wife, who conducted most of the negotiations, that Mucklow owned the property, and that the contract would have to be accepted by Mucklow before it was binding; and that when the question of delivering possession was discussed he informed plaintiff's wife that that could not be determined until Mucklow, the owner, was consulted. There is no attempt to show that the defendants did not have the authority from Mucklow to make the very contract they attempted to make. In fact the only evidence upon this question is the evidence of Mrs. Inman, one of the defendants who was introduced by the plaintiff as a witness, and who testified that the contract with the defendants was in accordance with the authority they had from Mucklow. Upon this showing there could be no liability upon the defendants, and the peremptory instruction prayed for should have been given.

There is another reason why recovery should not be allowed in this case, and that is that the contract on its face shows that it was incomplete. It appears from the contract itself that it contemplated execution upon the part of the purchaser, as well as acceptance upon the part of the owner. It was

further incomplete because the time of delivery of possession was left blank. Hyman testifies, and in this he is not contradicted, that he informed the plaintiff, or his agent, that before the contract was complete it would have to be accepted by the owner, and that before the time of the delivery of possession could be determined the owner would have to be consulted. It is quite well established that where a contract in writing shows upon its face that it is to be executed in a certain way, and by certain parties, it will not be held binding upon any of the parties until it is so executed. This contract clearly indicates upon its face that to make it complete acceptance thereof by the owner was necessary, and Hyman testifies that the purchaser understood this fact. It also shows upon its face that it contemplated execution by the purchaser. The fact that the time for the delivery of possession of the property was left blank in the contract also indicates that it had not been completed. Executory contracts for the sale of real estate, to be binding upon both of the parties, must ordinarily be in writing, and signed by both parties, and as we said in the case of *Herndon* v. *Meadows,* 86 W. Va. 499, 103 S. E. 404: "Where, after negotiations, parties reduce their understandings to writing, which provides for the signatures of all of them thereto, and there is nothing to show that they intended their contract to be completed, unless such writing was signed by all of the parties, and the subject-matter is such as is ordinarily the subject of a contract in writing, as in this case a contract to lease land for a term of 30 years, and one of the parties does not execute the written contract, it will be held that there was no completed contract binding upon the parties." We are, therefore, of opinion, for this reason, that as the case stood at the time it was submitted to the jury, the court should have given the peremptory instruction asked for.

It is also contended by the defendants that even if the plaintiff was entitled to recover any damages against them, he could recover no more than nominal damages. It is insisted that the true measure of damages for breach of a contract for the sale of real estate, in the absence of fraud, or what amounts to fraud, is the purchase money paid with its interest, and the court so instructed the jury in this case. This doctrine seems

to be very well established by the decisions in this state and in Virginia. *Thompson* v. *Guthrie,* 9 Leigh 101; *Wilson,* v. *Spencer,* 11 Leigh 261; *Stuart* v. *Pennis,* 100 Va. 612; *Butcher* v. *Peterson,* 26 W. Va. 447; *Mullen* v. *Cook,* 69 W. Va. 456. There is nothing in this case to indicate that there was any fraudulent design upon the part of the defendants in this transaction. As before stated, the only evidence in regard to their authority shows that the contract that they made with the plaintiff was in strict accordance with that authority, and if there was any fraudulent purpose upon the part of anybody it was upon the part of the owner of the property, and not of his agents. It appears from the evidence of both of the defendants, one of whom testified on behalf of the plaintiff, that they insisted upon Mucklow carrying out the contract, and that he declined to do so, claiming that a mistake had been made in the purchase price. We do not think under this showing that the jury was justified in attributing any fraudulent design to the defendants. Under the authorities above cited, upon the showing made, no more than nominal damages could have been recovered against these defendants in any event.

For the errors aforesaid, the judgment of the circuit court of Cabell county is reversed, the verdict of the jury set aside, and the cause remanded for new trial.

*Reversed and remanded.*