## CHARLESTON.

Ralph H. Ely *et als v.* Ernest Phillips *et als.*

Submitted November 15, 1921.　Decided November 22, 1921.

1. Logs and Logging—*Facts Stated Held Not to Justify Finding of Delivery.*

   The signing and acknowledgment by two of three owners of a tract of land, of a deed purporting to convey the timber thereon, with right to cut and remove the same within four years, for and in consideration of a large sum of money payable partly in cash and partly in installments, on account of which a sum less than the cash payment was paid, the placing the same in the hands of the vendees or one of them for only an instant, the return thereof to the grantors, the transmission of it by one of them to his wife for her signature and acknowledgment, and subsequent transmission thereof to the third owner for execution, are not sufficient to justify a finding of delivery of the deed. (p. 582).

2. Frauds, Statute of—*Executed Deed, Though Not Delivered is Sufficient "Memorandum."*

   A deed fully and completely signed and acknowledged, though not delivered, is a sufficient memorandum of a contract for the sale of land, within the meaning of the statute of frauds. (p. 582).

3. Same—*Delivery of Memorandum of Contract for Sale of Land Not Required.*

   Being in derogation of the common law, and therefore subject to the rule of strict construction, limiting its scope of operation by its terms, the statute of frauds does not require the delivery of a memorandum of a contract for the sale of land. (p. 582).

4. Contracts—*Signers of Contract Prepared for Their and Other Persons' Signatures Held Not Bound Until All Have Signed.*

   Persons signing a contract prepared for signatures of others to be affixed along with theirs, and intended, as shown by proof, to be signed by all of the parties named in it, are not bound, until all have signed it, and incur no obligation, if any of those who were to have signed it, have refused to do so. (p. 584).

5. Frauds, Statute of—*Memorandum of Contract of Sale by Two or More Must Be Signed by All.*

   A memorandum of a contract of sale of real estate by two

or more persons, to be sufficient under the statute of frauds, must be signed by all of them. (p. 584).

(LIVELY, JUDGE, absent.)

Appeal from Circuit Court, Upshur County.

Suit by Ralph H. Ely and others against Ernest Phillips and others.   Decree for the plaintiffs, and the defendants appeal.

*Reversed, and bill dismissed.*

*Brannon, Stathers & Stathers* and *Linn Brannon,* for appellants.

*Young & McWhorter,* for appellees.

POFFENBARGER, JUDGE:

The appellants in this cause, two of three tenants in common of a tract of land, seek reversal of a decree requiring specific performance of an alleged contract for conveyance by them of their interests in the timber on the land, to the appellees.    They own three-fourths of the land, Ernest Phillips one-fourth, Claude Burr one-half and a stranger to the suit, J. C. McCoy, the remaining one-fourth.

There is no substantial controversy as to the facts.    The appellees, Ralph H. Ely and Lloyd C. Wamsley, proposed to buy the timber on the 285 acre tract of land owned as aforesaid, for $5,000.00, of which $1,666.00 was to be paid in cash and the residue in six and twelve months, respectively, from the date of the deed, in equal installments bearing interest. Their negotiations were had with Phillips and Burr only, McCoy not being present, and the proposition was accepted and a deed prepared and executed by Phillips and Burr and their wives, and then sent to McCoy who had been advised of the price at which his associates were willing to sell and who, it was supposed, would promptly execute it, he having previously expressed satisfaction with the price.    For some reason, he declined to do so.    At the date of execution of the deed by Phillips and Burr, the former accepted a $300.00 payment on the timber.    The bill and decree in this cause are based upon the theory of right in the appellees to have a

conveyance of such title as Phillips and Burr can convey and an abatement of the purchase money proportionate to McCoy's interest in the timber, which it is impossible to obtain.

There is some conflict in the evidence as to whether the deed was delivered by Phillips and Burr, before it was sent to McCoy. Even though it may have been handed to one or both of the plaintiffs, the circumstance is not conclusive of delivery nor strongly probative thereof. It was admittedly handed back for transmission to Burr's wife and to McCoy and its return argues non-delivery with as much force as the other circumstance indicates delivery. Besides, it was incomplete. McCoy had not executed it, nor had Burr's wife. Less than one-fifth of the cash payment had been made. At that time, partial purchase was not considered by any of the parties, as the deed then prepared indicates, and the parol evidence proves. The plaintiffs were not then willing to pay $5,000.00 for three-fourths of it and are not proposing to do so now. There are no arbitrary rules by which to determine whether a deed has been delivered. Ordinarily, delivery is a question of fact, dependent upon the intention of the parties. *Adams* v. *Barker*, 50 W. Va. 249; *Delaplain* v. *Grubb*, 44 W. Va. 612. The circumstances here disclosed make it clear that neither a delivery nor an acceptance of the deed in question was intended on the accasion of its preparation and acknowledgment by two of the owners.

If the deed had been signed by all three of the owners, but not delivered, it would have been a sufficient memorandum of the contract of sale, under the statute of frauds. *Parrill* v. *McKinley*, 9 Gratt. 1; *Bowles* v. *Woodson*, 6 Gratt. 79; *Moore, Keppel & Co.* v. *Ward*, 71 W. Va. 393. Although the correctness of the first two of these decisions has been questioned, there is no good reason for doubting it. The statute does not forbid parol contracts. It merely enables a person who has made such a contract respecting any one of certain things, to escape from it, by prescription of a rule of evidence. It does not say any kind of a contract shall be void, if not in writing. It merely denies remedies for enforcement of certain kinds of contracts, if pleaded, unless they are in writing, or there are written memoranda of them. The

writing need not be the contract, nor the only evidence of it. A memorandum of the terms of a verbal contract, signed by the party to be charged, suffices.   Such a memorandum in whosesoever hands found, whether delivered by the signer or not, manifestly complies with this requirement.   Being in derogation of the common law, the statute is subject to the rule of strict construction, limiting the scope of its operation by its terms.   Requirement of delivery of the memorandum would be beyond its terms, and, for reasons already stated, beyond its spirit and purpose as well.

Although the bill alleges a verbal sale of all of the timber, by Phillips and Burr, and the plaintiffs claim it in their testimony, they admit their knowledge of McCoy's interest in the land, expectation of his joinder in the deed, their preparation of a deed providing for his joinder therein, and the transmission of the same to him for acknowledgment, by his cotenants.   On the other hand, the defendants, in their answer and testimony, deny any purpose or intent on their part, to convey the timber, without joinder of their cotenant in the deed, and very positively assert intention on the part of all of the parties to the transaction, to have consummation thereof by joinder of all of the vendors in the conveyance.   The position taken by the defendants is much more consistent with the nature of the subject matter of the negotiation than that assumed by the plaintiffs.   Though a purchase was to be effected by a deed, the subject thereof was not title to a tract of land in fee simple.   It was a mere estate in the timber, at the most, as the deed clearly indicates.   It purports a conveyance of all of the timber on the tract of land, with certain exceptions, but it contemplates severance and removal thereof within four years from its date.   Manifestly, therefore, the plaintiffs sought right to go upon the land and begin the cutting of the timber, soon after the execution and delivery of the deed.   Under a conveyance of undivided interests in the timber, they could not have done so.   McCoy's right and title extended to every tree on the land, although it was only a fractional interest.   *Russell* v. *Tennant,* 63 W. Va. 623, 631.   A deed for the timber executed only by Phillips and Burr would have made the plaintiffs tenants in

common thereof with McCoy.     That relation and title would
have conferred upon them no right to cut the timber, with-
out his consent.     *Hardman* v. *Brown,* 77 W. Va. 478. Neces-
sarily cognizant of lack of authority in Phillips and Burr to
convey his interest in the timber, and also of the embarrass-
ment incident to a grant of a temporary privilege or right
upon the tract of land, which he could render practically un-
availing and useless to them, the plaintiffs must have contem-
plated his joinder in the deed.

The authorities are uniform in the holding that persons
signing a contract prepared for signatures of other persons,
to be affixed along with theirs, and intended to be signed by
all of the parties named in it, are not bound, until all have
signed it, and incur no obligation, if any of those who were
to have signed it, refuse to do so.     *Herndon* v. *Meadows,* 86
W. Va. 499; *Bean* v. *Parker,* 17 Mass. 591; *Wood* v. *Wash-
burn,* 2 Pick. (Mass.) 24; *Howe* v. *Peabody,* 2 Gray (Mass.).
556; *Russell* v. *Annable,* 109 Mass. 72.

This rule, like most others, has its exceptions founded upon
differences in circumstances and purposes, as disclosed by the
evidence.     In the absence of testimony showing that execu-
tion by all of the parties was intended, or that prejudice to
those executing it by reason of the failure of the others to
join, if compelled to perform it, or some other reason or con-
sideration calling for joint execution, the signatures of part
of those named in the instrument bind them.     *Mattoon* v.
*Barnes,* 112 Mass. 463; *Naylor* v. *Stene,* 96 Minn. 57; *Dillon*
v. *Anderson,* 43 N. Y. 231; *Whitaker* v. *Richards,* 134 Pa. St.
191; *Russell* v. *Freer,* 56 Mass. 460; *Underhill* v. *Horwood,* 10
Ves. Jr. 209; *United Nickle Cooper Co.* v. *Dominion Nickle
Copper Co.,* 11 D. L. R. (Can.), 88.     Positive testimony, as
well as facts and circumstances, makes it obvious that this case
falls within the general rule, not the exception.

That a contract of sale of real estate by two or more per-
sons, to be sufficient under the statute of frauds, must be sign-
ed by all of them, has been judicially affirmed on more than
one occasion.     *Snyder* v. *Neefus,* 53 Barb. (N. Y.), 63; *Rey-
nolds* v. *Dunkirk, etc. Ry. Co.,* 17 Barb. (N. Y.), 614; *John-
son* v. *Brook,* 31 Mass. 17; 29 Am. & Eng. Ency. L. 858. The

reason for this holding is that, until signed by all of the parties, the contract is incomplete.  As a memorandum stands in the place of the contract and performs its functions, when the contract is verbal and only a memorandum is relied upon, it must necessarily be governed by the same rule. Lacking the signature of McCoy, the deed is not a sufficient memorandum of the verbal contract claimed, if, indeed, there ever was a complete verbal contract.  As none of the parties were authorized to bind McCoy, there does not seem to have been such a contract.

These principles and conclusions make it apparent that the plaintiffs are not entitled to the relief sought by their bill; wherefore the decree complained of will be reversed and the bill dismissed.

*Reversed, and bill dismissed.*