# CHARLESTON.

C. M. LILLY et al. v. RALEIGH HARDWARE COMPANY.

Submitted March 21, 1922.        Decided March 28, 1922.

1.  LANDLORD AND TENANT—*Lease Signed Only by Lessor and Carried Out by Lessee Deemed Accepted by Lessee, and Binding on Both Parties and Purchaser With Notice.*

    Where the negotiations of the parties for the lease of real estate are reduced to writing in the form of a written deed or lease, which contemplates the signature of both parties thereto, but which is only signed by the lessor, and is delivered to the lessee and retained by it, and the lessee moves into the premises and occupies the same in accordance with the terms of said lease for a considerable length of time, and the lessor recognizes the validity thereof in a deed made by him to one who subsequently purchases the property from him, such acts and conduct will be construed to be an acceptance of the lease upon the part of the lessee binding both parties to the terms thereof, notwithstanding non-execution of the paper upon the part of the lessee, and a purchaser of the property from the lessor, with notice of such lease, will be bound by its terms. (p. 611).

2.  DEEDS—*No Particular Formal Words of Grant Are Necessary to Validity.*

    No particular formal words of grant are necessary to the validity of a deed. If the intention to grant or convey the real estate, or an interest therein, clearly appears from the deed of conveyance, it will be as effective as though formal words of grant were used. (p. 612).

Error to Circuit Court, Raleigh County.

Action by C. M. Lilly and others against the Raleigh Hardware Company. Directed verdict and judgment in favor of the defendant, and the plaintiffs bring error.

*Affirmed.*

*Ashton File* and *W. W. Goldsmith,* for plaintiffs in error. *McGinnis & McGinnis* and *Ashworth & Ashworth,* for defendant in error.

RITZ, JUDGE:

Plaintiffs by this writ of error seek reversal of a judgment in favor of the defendant in an action of unlawful entry and detainer brought by them to recover the possession of a business house situate in the City of Beckley.

In the summer of 1914 A. A. Lilly was erecting a business building upon a lot owned by him in the City of Beckley. The defendant desired to secure this building for the conduct of its business, and entered into negotiations with Mr. Lilly to that end. These negotiations resulted, on July 1, 1914, in Mr. Lilly preparing a lease of the premises to the defendant for the term of ten years, at a rental of $150.00 per month, payable monthly. This lease was duly executed by Mr. Lilly under seal and duly acknowledge by him, and sent to the defendant with the expectation upon his part that the defendant would also execute and acknowledge it. The term of the lease was to begin as soon as the building was completed which was then in course of erection, and which was expected to be ready for occupancy by the first of November following. The defendant did not execute the lease sent to it by Mr. Lilly, but desired, if possible, to secure a modification of one of the conditions contained in it in regard to liability for explosives stored upon the premises. The lease as prepared and executed by Mr. Lilly made the defendant liable for any injuries to the building caused by explosions upon the premises, while the defendant desired to have its liability limited to injuries caused by explosives stored in excess of the amount allowed by law, or from its negligence. It had its counsel prepare a lease in identical

terms with the one signed and acknowledged by Mr. Lilly, with the exception that the condition in regard to explosives was changed as above indicated.     It forwarded this paper to Mr. Lilly, calling his attention to the change, and in a letter expressed the hope that he would accept the lease in the form prepared by it.     It did not, however, return the lease executed by Mr. Lilly and sent to it.     Mr. Lilly declined to accede to the change suggested by the defendant, and early in October, 1914, upon his attention being called to the fact that he had done nothing in regard to the matter, he wrote a letter to the defendant advising it that he had gone over the lease which he had prepared and executed, and also the one that the defendant had submitted to him containing the change, and that he had prepared a third paper which he believed was about right, and which he forwarded with the request that, if it was acceptable to the defendant, it execute it and return it to him, and he would thereupon execute it.     It does not appear what this third paper contained. Neither of the parties ever executed it, and it does not appear that there were any further negotiations in regard to the matter.     When the building was completed about the first of November the defendant moved in, and it has occupied the building ever since.

On the first of July, 1919, A. A. Lilly, by deed of that date, conveyed the property to George H. Spaulding, Fred Faulkner and John Faulkner, in which deed there is contained the following stipulation:     "This conveyance is made subject to lease contract, bearing date the 1st day of July, 1914, made between the said A. A. Lilly and Raleigh Hardware Company, a corporation, reference to which contract is here made."     After Spaulding and his associates got the property from Lilly, the defendant continued to occupy it without its right to do so being questioned until Spaulding and his associates sold it to C. M. Lilly and W. I. Smith, the plaintiffs in this suit, and conveyed the same to them on the 27th of July, 1920.     Soon after the plaintiffs got their deed from Spaulding and others they notified the defendant that it had no lease entitling it to occupy the premises, and that it must vacate or make some arrangements with them in re-

gard thereto. The defendant received this letter on the first of September, and in answer thereto transmitted the rent for one month which was due on that day, and insisted upon its right to hold the property for the full term of ten years, as provided by the lease above referred to. Plaintiffs declined to receive the rent, and since that time it has been regularly deposited in a bank in Beckley to their credit. Notice was given the defendant to vacate the premises upon the theory that it was a tenant from month to month, and upon its refusal to do so in accordance with the command in the notice this action of unlawful entry and detainer was instituted, and upon the facts being shown, as above indicated, the court, on motion of the defendant, directed the jury to return a verdict in its favor, upon which verdict the judgment complained of was rendered.

The plaintiffs insist that the judgment cannot stand, for the reason that there never existed any binding and valid contract between A. A. Lilly and the defendant for the lease of the premises, and that the holding thereof by the defendant, and the payment of rent therefor by the month, simply made it a tenant from month to month; while the defendant contends that its occupancy of the premises under the circumstances showed a clear intention and determination upon its part to accept the lease of July 1, 1914, and that it has a right to rely upon the terms of that lease and to occupy the premises thereunder. The plaintiffs insist that the facts disclosed by the record show that the defendant never accepted the lease signed and acknowledged by Mr. Lilly dated the first day of July, 1914, but instead of accepting it prepared another form of lease making a change in one of the conditions which Mr. Lilly refused to accede to, and that there never was any agreement of the parties upon the terms of the lease. The defendant's contention is that it did accept the lease first sent to it by Mr. Lilly, and that this acceptance upon its part is shown by the fact that it retained this lease at all times after the same had been signed and acknowledged and sent to it, and did not return it with the form of lease it sent to Mr. Lilly to be executed evidencing the change; that its purpose at all times was to

accept the lease as prepared if it was unable to secure the changes it desired, and that when it did not succeed in securing the changes desired by it, the negotiations were discontinued, and it moved into the premises under the lease then in its possession.    It is very significant that the defendant was permitted to move into the leased premises if, as contended for by the plaintiffs, it had no contract therefor. It sufficiently appears, we think, that for nearly six years the defendant occupied these premises upon the terms prescribed by the lease upon which it relies, and it also sufficiently appears that the rental value of the building had increased enormously during a considerable part of this time, notwithstanding which no demand was made upon the defendant for increased rent; and not only that, but when Mr. A. A. Lilly sold the premises he inserted in his deed to the purchaser the stipulation above quoted, clearly recognizing the rights of the defendant in the premises under the lease dated July 1, 1914.    That could refer to no other paper than the one now relied upon by the defendant.    Lilly had executed no other lease.    It was the only paper by which he could be bound.

It is insisted that because the lease executed by A. A. Lilly, dated the first day of July, 1914, contemplated execution upon the part of the defendant, and was never formally executed by it, it cannot be relied upon as a binding contract, and the cases of *Herndon* v. *Meadows,* 86 W. Va. 499; *Hoon* v. *Hyman,* 87 W. Va. 659; and *Ely* v. *Philips,* 89 W. Va. 580, are relied upon as supporting this contention. In the case of *Herndon* v. *Meadows* the contract sued upon was not executed by one of the lessees, it being a contract for the lease of a tract of land for mining purposes.    No act had been done under the contract by any of the parties, and the opinion very distinctly states that if the parties had entered upon the performance of the contract in accordance with its terms, notwithstanding it had not been signed by one of the parties, the results would likely have been very different. In the case of *Hoon* v. *Hyman* the contract was made by an agent, and provided on its face for approval by the principal, the owner of the property, which approval the prin-

cipal declined to give when he was asked to do so on the day after the contract was made. Nothing was done under the contract in that case in the way of executing it, and we held that the paper, disclosing on its face that it was necessary to have the approval of the principal before the acts of the agent were binding, there was no valid contract between the parties. In *Ely* v. *Philips* the contract was one for the sale of a tract of timber which one of the grantors had not signed, and refused to sign. The contract contemplated the sale of the whole tract. No acts were done by either party in execution of the contract, but suit was brought to compel the joint owners who had signed to specifically execute so far as their interests were concerned, and this relief was denied upon the ground that the parties never contemplated a sale of anything but the entire interest, and inasmuch as one of the joint owners refused to sell upon the terms stipulated in the contract there was no enforceable engagement. A careful reading of these cases, instead of supporting the plaintiffs' contention will rather overthrow it, for the reason that in all of them it is recognized that if the parties acted under the contract, and in accordance with its terms in their dealings with the subject-matter of it, such acts would be treated as an acceptance of the terms proposed. In this case, as before stated, the defendant moved into the building as soon as it was completed as provided by the contract, and has occupied the same ever since. This was an unequivocal act upon its part signifying its acceptance of the terms of the lease, and was sufficient to bind it to the performance of those terms without anything further. The lessor was bound because he had executed under seal the contract of lease and delivered it to the defendant. The stipulation in the deed from A. A. Lilly to Spaulding is, to say the least of it, a clear, unambiguous declaration upon the part of the lessor as to the interpretation placed by him upon the conduct of the parties. It shows, if it does nothing more, that he recognized the rights of the defendant in the premises.

The plaintiffs, however, insist that the lease of July 1, 1914, is not sufficient because it contains no words of grant,

and being for a term in excess of five years it must be by deed in order to be valid. This contention is based upon the fact that the lease makes the defendant in this suit, The Raleigh Hardware Company, the party of the first part, and A. A. Lilly the party of the second part, and then provides that the party of the first part leases from the party of the second part the premises in question for the term of ten years. It has been repeatedly held that no particular formal words of grant are necessary to the validity of a deed. If the intention to grant or convey appears clearly from the paper, the deed will be held sufficient for the purpose, no matter how informal it may be. *Roberts* v. *Huntington Development & Gas Co.*, 89 W. Va. 384. There is no trouble in this case about the intention of the parties. The lessor clearly expressed his intent by signing the lease under seal and acknowledging the same, and this intent is likewise clearly gathered from the paper itself, which contains the mutual covenants of the parties and their agreements in regard to the premises, showing the clear intent upon the part of the lessor to lease the premises to the defendant. We do not think there is anything in this contention.

Our conclusion is that the action of the circuit court in directing a verdict in favor of the defendant was entirely justified by the evidence, and the judgment complained of is affirmed.

*Affirmed.*