DE BOER, Respondent, v. SCHNEIDERMAN, Appellant.

(226 N. W. 735.)

(File No. 6581. Opinion filed September 20, 1929.)

*Bogue & Bogue,* of Parker, for Appellant.

*J. W. Kaye,* of Beresford, and *E. E. Sullivan,* of Sioux Falls, for Respondent.

BROWN, J. On August 1, 1925, under the direction of plaintiff and defendant, a lease for plaintiff's elevator in Davis was drawn up by Louie Jacobs, a banker in Lennox, S. D. The lease recited that it was made "by and between C. C. De Boer, party of the first part, and Atlas Elevator Company and H. E. Schneiderman, party of the second part." It was to continue for 11 months from August 1, 1925, and provided for a rental of $660 for the full term. It also provided that the party of the second part should not assign or sublet the premises without the written consent of the party of the first part, "and that it and he will at the expiration of the time herein recited quietly yield and surrender the aforesaid premises to the party of the first part, his heirs or assigns, in as good condition and repair as when it and he took them, reasonable wear and tear and damage by the elements alone excepted." This lease was in duplicate, and was signed by both plaintiff and defendant, and was then transmitted to Atlas Elevator Company for its signature. The elevator company, however, refused to sign. At the time the lease was drawn, the elevator was closed, and had not been running for four months previously, and defendant never took possession or occupied the elevator in any manner. Plaintiff brought suit for the rent, and from a judgment

upon a verdict for $660, with interest and costs, and from an order denying a new trial, defendant appeals.

The execution of the lease is denied in the answer, but defendant admits that he signed the lease, but says that it was not to become binding or effective until Atlas Elevator Company should also sign it.

Defendant testified that, when he and plaintiff were in the bank having the lease drawn up, he told Jacobs to draw up a contract for Schneiderman and the Atlas Elevator Company, because he did not want the elevator alone; that he and the Atlas Elevator Company were both to sign it. Plaintiff testified there was nothing said to him about the lease not taking effect until the Atlas Elevator Company signed. It is undisputed, however, that there was conversation between plaintiff and defendant in the bank, at the time the lease was being drawn, relative to the Atlas Elevator Company signing the contract, and that Jacobs told them that he thought the agent in Davis could not sign for the company, but that the lease would have to be sent to Minneapolis for the signature of the Atlas Elevator Company.

Defendant did not move for a directed verdict nor take any exception to the instruction of the court to the effect that defendant admitted signing the lease, but claimed it was not to become effective until Atlas Elevator Company also signed, and that the burden of proof was upon defendant to prove an agreement that the lease was not to become effective until signed by the Atlas Elevator Company, and that, if the jury was not satisfied from the evidence that there was such an agreement, then the verdict should be for plaintiff for the full amount of the rent claimed. The motion for a new trial was made upon the ground that the evidence is insufficient to justify the verdict, and that the verdict is against the law. The specifications of the insufficiency of the evidence set forth that the lease was between plaintiff, as lessor, and Atlas Elevator Company and defendant, as lessees, and was never signed by the Atlas Elevator Company; that defendant never went into possession, nor in any way occupied the premises; and that there is no evidence that it was the intention that the lease would become effective without the signature of the Atlas Elevator Company.

In Brown v. Wisconsin Granite Co., 47 S. D. 635, 201 N. W. 555, we held that failure to question the sufficiency of an

508

oral contract as a ground for recovery during the trial, or to raise the question by a proper exception to instructions or request for instructions, did not preclude a party from raising the question upon a motion for a new trial on the ground of the insufficiency of the evidence. We think the evidence in the present case is insufficient to justify the verdict, and that the motion for a new trial on that ground should have been granted.

The lease on its face indicates that it is to be signed by two parties as lessee. It mentions the Atlas Elevator Company and defendant Schneidreman as the party of the second part. It provides with particular emphasis that at the expiration of the period mentioned in the lease *it* and *he* will surrender possession of the premises in as good condition and repair as when *it* and *he* took them, thus plainly indicating that the assent of both Atlas Elevator Company and defendant to the lease as lessees was to be required before the lease became effective.

In Hess v. Lackey, 191 Ind. 107, 132 N. E. 257, 258, it is said: "Where a contract in writing is obviously drawn as a mutual agreement between several parties, to be signed by all of them, it must be so executed by all of such parties, * * * so that it binds them all, or it will not bind any of them"—citing a number of cases and also 13 C. J. 305, 306.

In Ely v. Phillips, 89 W. Va. 580, 109 S. E. 808, 810, it is said: "The authorities are uniform in the holding that persons signing a contract prepared for signatures of other persons, to be affixed along with theirs, and intended to be signed by all of the parties named in it, are not bound until all have signed it, and incur no obligation, if any of those who were to have signed it refuse to do so."

To the same effect are Herndon v. Meadows, 86 W. Va. 499, 103 S. E. 404; Beall v. Jones, 211 Ill. App. 336; Davis v. Phillips A. Ryan Lumber Co. (Tex. Civ. App.) 248 S. W. 448; Peacock v. Horne, 159 Ga. 707, 126 S. E. 813.

The judgment and order denying a new trial are reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.