CURIEN
v.
SANTINI.

---

WILLIAM FISH *v.* JOHNSON, LEVINE et als.

The appellant is not required to look beyond the record, and cite, on appeal, persons who were not parties to the judgment appealed from.

Where an obligation is incomplete for want of the signatures of some of the parties who were to become jointly liable with those who signed, no action can be maintained on it.

APPEAL from the Fourth District Court of New Orleans, *Price, J.* *J. J. Lugenbuhl,* for plaintiff. *G. L. Bright,* for defendants and appelllants.

On a motion to dismiss:

MERRICK, C. J. There is a motion in this case to dismiss the appeal,

on the ground that two of the obligors to the instrument sued upon have not been made parties to the appeal.

The appellants' counsel replies, that it was not necessary, because they were never cited or made parties to the suit in the lower court.

This answer is sufficient. The appellant is not required to look beyond the record, and cite persons on appeal who were not parties to the judgment rendered by the lower court.

It is ordered, that the appellee take nothing by his rule.

On the merits:

DUFFEL, J. The plaintiff's demand is founded upon the following instruments: ·

"S. W. PASS, April 1st, 1857.

"We, the undersigned, do personally agree to pay to *Mr. Wm. Fish* two hundred dollars per month, for the purpose of building a steamboat for the use of the towing business, and if in case we do not agree about the time of building the boat, or the amount it shall cost, &c., &c., that we bind ourselves to pay to *Mr. Fish* the aforementioned sum for five months from this date.

| (Signed) | "HENRY HEDEMAN, for one-eighth of the amount. |
|----------|------------------------------------------------|
| | "JOSEPH WILD, do do do do |
| | "H. JOHNSON, do one-fourth do do |
| | "WM. T. LEVINE, do one-eighth do do |
| | do do do do." |

The principal object in view having failed for want of funds and a sufficient number of subscribers, the plaintiff instituted the present action against the above-named parties for the whole amount of the penalty, and obtained judgment against *Johnson* for one-fourth of the amount, and against *Levine* for one-eighth of the amount, the other defendants having paid their respective *quota*.

*Johnson* and *Levine* appealed.

It appears to us clear, that the instrument sued on is, on its face, incomplete, inasmuch as the liability of the signers only covers five-eighths of the stipulated monthly wages and penalty, three-eighths being wanting to perfect the contract with the plaintiff. The object of the plaintiff was, to secure his services, at the rate of $200 per month, under penalty of $1000; and it is evident that, until a sufficient number of contributors had been obtained to form the entire amount, his services were not engaged; and it naturally follows, that, as the obligation in the present case is incomplete, the plaintiff cannot call for the aid of the law to enforce an incident. C. C. 1797, 1924; *Syndic of Dunbar* v. *Woods et al.*, 5 An. 135; Hennen's Digest, p. 1052, No. 4.

Besides, the evidence does not disclose how the plaintiff came in possession of the document; he was not present when it was signed, and we may, therefore, reasonably infer, that he obtained it to procure the wanting signatures to its completion.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered and decreed, that the claim of the plaintiff, or his assignee, *John McLean*, against the appellants, be rejected, with costs in both courts.