# Bruch *v.* Shafer, Appellant.

*Contract—Joint contract—Signature of parties—Failure to sign —Parol evidence.*

Where a joint contract in writing shows on its face that it is to be signed by two persons as parties of the first part, and one person as party of the second part, and one of the parties of the first part refuses to sign after the other two persons had signed, the instrument is ineffective, and all parties are discharged. If in such a case the party of the first part who had signed the agreement and who paid over money to the party of the second part, brings an action to recover said money, he may show by his own parol testimony that he was induced to advance his own money on the express promise of the defendant that if the written agreement should not become operative by reason of the failure of the other party of the first part to sign it, the money should be refunded. Such a parol agreement is entirely outside and independent of the written agreement.

Argued March 5, 1912. Appeal No. 87, Jan. T., 1912, by defendant from judgment of C. P. Northampton Co., Sept. T., 1908, No. 32, on verdict for plaintiff in case of Grover Bruch v. Howard S. Shafer. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for money had and received. Before SCOTT, P. J.

The facts appear by the opinion of the Supreme Court, and by the report of Bruch v. Shafer, 45 Pa. Super. Ct. 612.

Verdict and judgment for plaintiff for $1,577.11. Defendant appealed.

*Error assigned,* among others, was in refusing binding instructions for defendant.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with him *Robert A. Stotz,* for appellant.—The appellant's

contention that the plaintiff is not entitled, under any evidence in this case, to recover is founded upon two propositions, viz:—

1. That the contract made verbally at the bottling house was a complete and obligatory contract, binding upon both plaintiff and defendant in all its terms, and not dependent upon the reduction thereof into written form, or that its operation and binding effect was postponed until after the written instrument embodying its terms had been signed by all the parties thereto; that the contract thus made provided for the payment of $1,300 as down money that day and that, therefore, the plaintiff was already bound and obligated to pay this sum to the defendant.   (2) Such being the case, the defendant's subsequent promise (if made) to refund this down money if the brother should fail to sign the written contract was nudum pactum, not being founded upon a consideration, the obligation then already existing to pay the down money at once, and there was no advantage accruing to the defendant for that reason; and no delay, inconvenience or detriment by reason of such payment incurred by the plaintiff: Hodge v. Sublett, 91 Ala. 588 (8 So. Repr. 800) ; Green v. Cole, 103 Mo. 70 (15 S. W. Repr. 317) ; Cohn v. Plumer, 88 Wis. 622 (60 N. W. Repr. 1000) ; Pratt v. Hudson River R. R. Co., 21 N. Y. 305; Blight v. Ashley, 3 Fed. Cas. 699, Case No. 1541; Spayd's Est. 15 Pa. D. R. 592; Hoke v. Ziegler, 20 York Leg. Rec. 131; Moyer v. Kirby, 2 Pears. 64.

*John G. Johnson,* with him *Smith, Paff & Laub,* for appellee.—When a joint instrument is drawn to be signed by several, and one fails to sign, all are discharged: Finney v. Finney, 1 Pearson 70; Jersey City Water Commrs. v. Brown, 32 N. J. Law 504; Ambler v. Whipple, 87 U. S. 546; Wharton v. Stoutenburgh, 35 N. J. Eq. 266; Congdon v. Darcy, 46 Vt. 478; Sidney Glass Works v. Barnes, 86 Hun. 374 (33 N. Y. Supp. 508) ; Brown v. Finney, 53 Pa. 373.

Shafer was bound to return the money received from Grover Bruch as money had and received in anticipation of a contract which failed to become effective and impossible: Wharton v. Hudson, 3 Rawle 390; Jones v. Mut. Fidelity Co., 123 Fed. Repr. 506; McAvoy v. Title Ins. & Trust Co., 27 Pa. Super. Ct. 271; Phippen v. Morehouse, 50 Mich. 537 (15 N. W. Repr. 895) ; Pettibone v. Pettibone, 5 Day (Conn.) 324; Marshall v. Lewark, 117 Ind. 377 (20 N. E. Repr. 253).

OPINION BY MR. JUSTICE MOSCHZISKER, March 18, 1912:

This record, viewed from the standpoint of the verdict rendered, shows a very simple case which can be summed up as follows: A and B were desirous of jointly acquiring the business of C. B by authority of A entered into negotiations with C, and they finally agreed upon terms to be reduced to a writing, which was to be executed by all the parties as the contract of purchase. The price to be paid for the business was $12,000, "the sum of $1,300 to be paid on the day of the signing" of the agreement. C was desirous of getting immediate possession of the $1,300, and B, for the benefit of C, advanced this sum out of his own funds, upon the distinct understanding and agreement that if A should refuse to sign the written contract the $1,300 would be returned to B. When the writing was sent to A he declined to accept or execute it; C refused to return the $1,300, and thereupon B brought the present suit to recover the same with interest. The verdict was for the plaintiff and the defendant has appealed.

The defendant contended that B had authority from A to bind him, that the agreement was complete before it was reduced to writing, that the $1,300 was down money paid on the contract, and that any agreement to refund it was nudum pactum for want of consideration and could not be enforced. The issue as to whether or not there was an agreement to return the $1,300 in the event

of the written contract not being signed by A, was submitted and found in favor of the plaintiff; and in this connection the jury was told that, if the alleged agreement between B and C was not entered into as a separate and distinct contract apart from the agreement of purchase, there could be no recovery, and their attention was called to the distinction which exists in law between a duly consummated verbal contract with an agreement that it shall be reduced to writing, and an oral agreement to become a perfected contract when reduced to writing. Under the verdict, we must take it that the jury determined that the defendant had entered into a separate agreement with the plaintiff that if he would advance the $1,300 in anticipation of the execution of the written contract, the defendant would agree to return it in the event of the third party declining to sign. Such an agreement, under the circumstances here present, would constitute an independent contract upon a sufficient consideration.

This case was under review on appeal once before (Bruch v. Shafer, 45 Pa. Super. Ct. 612), and the facts are fully set forth in the opinion then written. In refusing a motion for judgment non obstante veredicto, the learned judge who presided over the trial now before us states that the evidence was substantially the same as on the prior trial, and appellant has shown us nothing to the contrary. The law laid down by the Superior Court in the opinion disposing of the former appeal is the law of this case, and a thorough consideration, in the light of the argument so forcibly presented by the distinguished counsel for the appellant, has not convinced us of any error therein, or in the application of the law to the facts as adduced at the present trial.

The assignments of error are overruled and the judgment is affirmed.