WILLARD F. DEPUTY & COMPANY, a corporation created by and existing under the laws of the State of Delaware, *vs.* E. GUY HASTINGS, Administrator of. William Ward, Joseph Ward, Thomas Ward, and Daniel B. Lecates.

1. CONTRACTS—SCROLL SEAL HELD VALID FOR PARTICULAR TRANSACTION.

Where a scroll seal was affixed to the signature of a corporation to a contract, held that the corporation had power to adopt and had adopted such scroll as its seal for the particular transaction.

2. CONTRACTS—WHETHER SIGNATORIES TO A CONTRACT LIABLE, WHEN NOT SIGNED BY ALL PARTIES, DETERMINED BY INTENTION AT TIME OF EXECUTION.

When a contract is reduced to writing, and not all the parties named therein sign it, the question whether those who have signed are bound is determined by the intention of the parties at the time of execution.

3. CONTRACTS—IF INTENTION THAT CONTRACT NOT BINDING UNTIL ALL PARTIES SIGN, SIGNATORIES NOT LIABLE.

Parties signing a contract intended to be signed by all parties named herein are not bound until all have signed, and incur no obligation if any of those who were to have signed refuse to do so.

4. CONTRACTS—UNLESS TESTIMONY SHOWS EXECUTION INTENDED BY ALL PARTIES, SIGNATORIES BOUND, THOUGH OTHERS NAMED DID NOT SIGN.

In the absence of testimony showing that execution by all of the parties named therein was intended, or some other reason or consideration calling for joint execution, signatures of part of those named in the instrument bind them, though others named therein have not signed.

5. LOGS AND LOGGING—AGREEMENT TO ABANDON CONTRACT PRECLUDED RECOVERY BY PURCHASER.

In an action for breach of written contract for sale and cutting of timber, if purchaser has expressly waived performance and agreed to an abandonment vendors relying thereon, and selling the property to other parties, precludes purchaser's recovery.

6. CONTRACTS—EVIDENCE OF ABANDONMENT OF CONTRACT MUST BE CLEAR AND POSITIVE.

Evidence of a waiver or abandonment of contract must be clear, positive, and above supicion.

7. LOGS AND LOGGING—MEASURE OF DAMAGES FOR BREACH OF TIMBER CONTRACT IS DIFFERENCE BETWEEN CONTRACT AND MARKET PRICE.

In an action by purchaser for breach of contract for sale and cutting of timber, his damages should be for such an amount as jury finds that he sustained by reason of such breach; the general rule of damages in such cases being the difference between the contract price and the market price of such lumber, as shown by the evidence, after deducting the cost to the purchaser of hauling and loading.

8.  LOGS AND LOGGING—VENDORS LIABLE FOR DAMAGES FOR BREACH OF
    CONTRACT FOR SALE OF TIMBER NOT OWNED BY THEM.

Vendors entering into a contract for sale by themselves alone of an entire interest in lumber owned with others, who did not join in the contract, are liable for any damages arising from nonperformance of the contract.

9.  SALES—MAN MAY SELL ANY ARTICLE NOT OWNED BY HIM AT THE TIME.

A man may contract for the sale of any article not at the time owned by him, and may become liable for damages for nonperformance of the contract.

10. TRIAL—IN SUIT AGAINST DEFENDANTS JOINTLY, VERDICT SHOULD BE
    FOR ONE AMOUNT.

In a suit against defendants jointly, the verdict, if for plaintiff, should be in one amount, and the collection of any judgment that may be found against defendants is not for the jury.

*(October* 12, 1923.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*James M. Tunnell* and *Daniel J. Layton* for the plaintiffs.
*Andrew J. Lynch, Charles W. Cullen* and *John M. Richardson* for the defendants.

Superior Court for Sussex County, October Term, 1923.

Summons in covenant, No. 19, June term, 1921.

This case arose under a written and sealed instrument which began as follows:

"Agreement, made this 20th day of March, A. D. 1920, among William Ward, Thomas Ward, Joseph Ward and Dr. Ward, hereinafter known as parties of the first part, D. B. Lecates, hereinafter known as party of the second part, and Willard F. Deputy & Co., hereinafter known as the party of the third part."

The other facts will appear in the charge to the jury.

[1]  At the first trial, some difficulty being experienced in proving the signature of the party of the third part by a subscribing witness, it was contended that the instrument was not a sealed instrument as to the third party because of the lack of the corporate seal, the seal affixed thereto being simply a scroll seal. The court held that the corporation had power to and had adopted the scroll seal as its seal for the particular transaction. See 2 *Page*

on *Contracts* (2d Ed.) §§ 1158 and 1159, and cases there cited.[1]

RODNEY, J., charging the jury:

This action is brought by the plaintiff, Willard F. Deputy & Co., against the defendant, E. Guy Hastings, administrator of William Ward, Joseph Ward, Thomas Ward and Daniel B. Lecates to recover damages, occasioned by the breach of a written and sealed contract alleged to have been entered into between the parties.

There is no dispute over the fact that a written and sealed instrument was prepared and executed by the plaintiff and by William Ward, Joseph Ward, Thomas Ward and Daniel B. Lecates.

This contract is in general for the sale of the timber on a tract of land specified in the contract by the three Ward brothers, its cutting by Lecates and its purchase by Willard Deputy & Co.

The price to be paid for the lumber by the purchaser was $30 per thousand feet, of which amount the sum of $16.50 per thousand feet was to be paid to the owners and the sum of $13.50 per thousand feet was to be paid to Lecates, the sawyer.

The controversy in this case arises from the fact that the name of Dr. James H. Ward was inserted in the beginning or body of the typewritten agreement prior to its signature by any of the parties, but that it was never in fact signed or executed by him.

The plaintiff contends that the contract was entire, complete and binding without the signature of Dr. Ward, and that it was so understood by the parties.

The defendants contend that the written contract was never intended by the parties to be an entire, complete and binding one until all the parties mentioned in it, including Dr. Ward, had signed and delivered it and that since Dr. Ward had never signed it the contract was not complete and, therefore, not binding upon any of the parties.

[1]For another case where it was held that a corporation had adopted a seal for a particular transaction, see *Rabinovitch v. Liberty Morocco Co., infra p.* 426. For a case of the adoption by an individual of a scroll seal placed opposite the names of other persons, see *Warder, B. & G. Co., v. Stewart, 2 Marv.* 275, *but see state v. Smith, et al., 9 Houst,* 143.

.   The defendants further contend that Willard F. Deputy, president of the plaintiff company, on or about May 20, 1920, expressly waived the performance of the contract by and on the part of the defendants and agreed to the abandonment of the contract.

This last contention of the defendants is denied by the plaintiff.

[2]   We say to you that when a contract is reduced to writing and a number of persons are named therein as parties, a portion of whom sign the same and a portion of whom do not affix their signatures, the question of whether or not those who have signed the contract are bound thereby is to be determined by the intention of the instrument. *Chouteau v. Suydam,* 21 *N. Y.* 179.

[3]   Where the intention of the parties who have signed the agreement plainly appears that they are not to be bound until or unless other parties also named therein have likewise signed it, the contract of such parties will not be binding.

The authorities are uniform in holding that parties signing a contract prepared for signatures of other persons along with theirs, and intended to be signed by all of the parties named in it are not bound until all have signed it and incur no obligation, if any of those who were to have signed it refuse to do so. *Herndon v. Meadows,* 86 *W. Va.* 499, 103 *S. E.* 404; *Bean v. Parker,* 17 *Mass.* 591; *Wood v. Washburn,* 2 *Pick. (Mass.)* 24; *Ely v. Phillips,* 89 *W. Va.* 580, 109 *S. E.* 808; *Fish v. Johnson,* 16 *La. Ann.* 29; *McDaniel v. Anderson,* 19 *S. C.* 211; *Bruch v. Shafer,* 235 *Pa.* 590, 84 *Atl.* 515, and 45 *Pa. Super. Ct.* 612.

[4]   It is, however, true in the absence of testimony showing that execution by all of the parties was intended or some other reason or consideration calling for joint execution, the signatures of part of those named in the instrument bind them though others named therein have not signed the same. *Mattoon v. Barnes,* 112 *Mass.* 463; *Naylor v. Stene,* 96 *Minn.* 57, 104 *N. W.* 685; *Dillon v. Anderson,* 43 *N. Y.* 231; *Whitaker v. Richards,* 134 *Pa.* 191, 19 *Atl.* 501, 7 *L. R. A.* 749, 19 *Am. St. Rep.* 684.

It is this fact, this presence or absence of testimony showing the intention on the part of the defendants not to be bound by their signatures unless Dr. Ward also signed the contract that constitutes one of the principal questions for you to determine.

If you should determine from the evidence that it was intended and understood by the defendants that they should not be bound by the contract unless Dr. James H. Ward also signed the same, then your verdict may be for the defendants.

[5]   If on the other hand you should determine from the evidence that there was no intention or understanding by William, Joseph or Thomas Ward, that the binding nature of the contract was to be, as to them, dependent on the signing of the contract by Dr. Ward, then your verdict should be for the plaintiff unless you find from the evidence that the plaintiff has expressly waived the performance of the contract by and on the part of the defendant and agreed to the abandonment of the same and that the defendants relying upon this abandonment sold the property to other parties.

[6]   The evidence of this waver or abandonment of the contract, we may say, must be clear, positive and above suspicion.

[7]   If your verdict should be for the plaintiff it should be for such an amount as you should find from the evidence that it has sustained by reason of any breach of the contract proved by the plaintiff.

We may say to you that the general rule as to the measure of a damages in such cases is the difference between the contract price and the market price of such lumber, as shown by the evidence after deducting the cost to the plaintiff of hauling and loading the same.      · · · ·

If you should find for the defendant your verdict should be simply for the defendant.

(The court also charged with respect to the preponderance and conflict of testimony.)

After the jury had retired to consider the case they sent to the court a written communication embodying the following questions:

(1)   Could William Ward, Thomas Ward and Joseph Ward have sold the interest of all the owners in the tract of timber without the signatures of the other owners, their guardians or legal representatives?

(2)   Can verdict as to amount of damages be separated as between the three Ward brothers and Lecates and if not, would judgment and collection of the same be collectible proportionately as to contract prices?

The jury being brought in, the following response to the questions was made:

[8, 9]   (1)   The contract in question does not cover nor embrace a tract of timber, but covers lumber after having been severed from the land.

In further answer to your first question we would say, that if the defendants entered into a contract for the sale by themselves alone of the entire interest in the lumber in question, that then they would be liable for any damages arising from the nonperformance of the terms of the contract.  The general principle of law is that a man may contract for the sale of any article not at the time owned by him and may become liable in damages for the nonperformance of the contract.

[10]   (2)   This is a suit by the plaintiff against the defendants named therein, jointly.  If you should find for the plaintiff, it should be for one amount.  The collection of any judgment that may be found against the defendants is not to be considered by you. For your better information we will restate that part of our former charge as to damages.  (That portion of the charge was then re-read.)