OVERTON, J.
 

 Plaintiffs allege themselves to be the heirs of Michael W. Cason, deceased, and have brought this suit for the purpose of having decreed to be null and void the proceedings in Cason's succession, including the appointment of the administrator thereof and the making, by the administrator, of a sale of certain land, which belonged to said succession, to Mrs. Cason, the widow of the deceased. They have also brought the suit for the purpose of having declared to be null and void a subsequent sale of said land to the extent of their alleged undivided half interest therein, made by Mrs. Cason to S. I-I. Bolinger & Co., Limited, and for the purpose of having decreed to be null certain mineral leases, granted on said land by S. H. Bolinger & Co., Limited, to the Gulf Refining Company of Louisiana and to the Atlas Drilling Company, in so far as said leases affect their interest in said land. They have, also brought the suit for the purpose of having decreed to be null, to the same extent, assignments of parts of the Atlas Drilling Company lease, made by the grantee, to Harley R. Hinton and to Moorefield & Tanner, and to have themselves decreed to be the owners of a half undivided interest in said land.
 

 The petition sets out in detail the causes relied on to have decreed to be null and void the proceedings in the succession of Cason, including the appointment of the administrator of said succession, and the sale made by- him to Mrs. Cason. As to the rest of the suit, the theory of plaintiffs is that, if these proceedings and the sale to Mrs. Cason are null and void, then plaintiffs were never divested of their -half interest in said land, which they claim to have inherited from their father, Michael W. Cason, deceased; and, as they
 
 *391
 
 were the owners of that interest, the sale made by theii; mother, Mrs. Oason, to S. H. Bolinger & Co., Limited, is null and void, to the extent that it purports to convey their interest in said land; and, as Bolinger & Co. never acquired that interest, the leases granted by said company and the assignments of parts of one of them, to the extent of their said interest, are also null and void.
 

 Plaintiffs made S. PI. Bolinger & Co., Limited, Mrs. Cason, the Gulf Refining Company, the Atlas Drilling Company, Harley R. Hinton, Moorefield & Tanner, and the heirs of W. J. Johnston, Johnston having been administrator of the succession of Cason, parties defendant to the suit, and caused them to be cited accordingly.
 

 S. H. Bolinger' & Co., Limited, the heirs of Johnston, the Atlas Drilling Company, the Gulf Refining Company, Harley R. Hinton, and Moorefield & Tanner filed exceptions of no cause of action to the demands against them. S. H. Bolinger & Co., Limited, in addition to the exception of no cause of action, also filed an answer to the demand against it, as did also the Gulf Refining Company. In so far as we are able to ascertain from the record, which is not as clear as it might be as to what was actually done, Mrs. Cason filed no exceptions, but filed an answer to plaintiffs’ demands. The answer of Mrs. Cason first admits all of the allegations of plaintiffs’ petition, and then disclaims that she has any interest in the case, and concludes with a prayer that plaintiffs’ demand as against her be dismissed with costs.
 

 The exceptions of no cause of action, mentioned above, were sustained, except the one filed by Bolinger & Co., which was overruled. This apparently left Bolinger & Co. and Mrs. Cason as the defendants in the case. With the case in this shape, it was called for trial on the merits. The trial resulted in a judgment “in favor of S. H. Bolinger & Co., Ltd., et als. and against the plaintiffs, Mrs. Mollie Gray McDuffie, et als. rejecting the demands of the plaintiffs,” and recognizing S. H. Boiinger & Co., Limited, as the owner of the undivided interest, sued for by plaintiffs, in said land.
 

 Plaintiffs moved for and obtained, in open court, appeals, both suspensive and devolutive, from the judgment rendered against them on the merits, but failed to perfect either of these appeals, and the order for them expired. Some months later, but before the year expired for appealing, plaintiffs addressed a petition to the court praying that they be granted a devolutive appeal from the judgment rendered on the merits and that “S. H. Bolinger & Co., et als. defendants, he cited to answer the appeal through their attorney of record, W. H. Scheen.” The court, in chambers, granted the devolutive appeal prayed for, and, in accordance with the prayer of plaintiffs’ petition, ordered citation of appeal to issue to, and be served upon, S. H. Bolinger & Co. et als., through their attorney of record, W. H. Scheen. Plaintiffs furnished the required bond for the appeal, and the clerk issued a citation of appeal, directed to S. H. Bolinger & Co., Limited, et als., through W. H. Scheen, counsel of record. The sheriff did not make service by delivering the citation to W. H. Scheen, counsel of record for S. H. Bolinger & Co., Limited, et als., but served the same upon said company, including a certified copy of the petition for the appeal, by delivering the same to the company’s secretary, at
 
 *393
 
 its office, the president, vice president, and general manager of said company being temporarily absent therefrom. No citation of appeal was served on any other defendant in the case.
 

 S. H. Bolinger &• Co., Limited, and the heirs of Johnston have filed, through their attorney, W. H. Scheen, a motion to dismiss the appeal taken herein because some or all of'the defendants have not been cited to answer the appeal, and hence have not been made parties to it.
 

 There can be no doubt that S. H. Bolinger & Co., Limited, have been cited to answer the appeal and legally cited. The fact that the citation was addressed to that company and others, through W. H. Scheen, counsel of record, does not make the citation illegal. The words “et als., through W. H. Scheen, counsel of record, Shreveport, La.,” following the name of the company should be treated as surplusage, when, as a matter of fact; the citation was served on the company by delivery to the proper officer thereof.
 

 As relates to Mrs. Cason, she was not called in warranty, in the court below, and in her answer to the suit, disclaimed all interest in the litigation. Where a party to a suit judicially disclaims all interest in it, such party is not a necessary party to the appeal, and need not be cited, when the appeal may be decided, as is the case here, without the presence of such party. It may be said, in this connection, that the suit may be decided without the presence of Mrs. Cason, because all of the suit that remains is plaintiffs’ demand to be recognized as the owners of an interest in said land, the title to which interest is claimed alone by S. H. Bolinger & Co., Limited, and this, we think, may be decided without the presence of Mrs. Cason.
 

 As relates to the remaining defendants, they filed exceptions of no cause of action, which were sustained in the court below. Appeals were not taken from the judgments sustaining the exceptions. Hence these defendants became, as it were, from the time these exceptions were sustained, strange'rs to the suit. They were not parties to the suit when the judgment appealed from was rendered. It is not necessary to cite persons to answer an appeal who were not parties to the suit when the judgment appealed from was rendered. See Fish v. Johnson, Levine et al., 16 La. Ann. 29.
 

 The motion to dismiss is therefore denied.