17172

JOEL L. DEAN, Appellant, v. JAMES A. DEAN, Individually and as Administrator, c/t/a of the Estate of Mrs. Annie B. Dean, GEORGE B. DEAN, MRS. ANNIE BELLE ARNOLD, GEORGE BOBO DEAN, JR., ANN JACKLES VEES and BELLE DEAN, of whom Mrs. Annie Belle Arnold and George B. Dean are Appellants, and James A. Dean, Individually and as Administrator, c/t/a, Ann Jackles Vees and Belle Dean are, Respondents.

(93 S. E. (2d) 206)

*Messrs. Holcombe & Bomar,* of Spartanburg, and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants,*

*Messrs. Wyche, Burgess & Wyche,* of Greenville, and *E. W. Johnson,* of Spartanburg, *for Respondents,*

June 12, 1956.

Moss, Justice.

E. B. Dean died intestate in 1942, seized and possessed of certain real estate in Spartanburg County, South Carolina, which passed to his widow, Mrs. Annie B. Dean, and his four children, Joel L. Dean, Mrs. Annie Belle Arnold, George B. Dean, appellants herein, and James A. Dean, one of the respondents herein.

In February 1943, Mrs. Annie B. Dean and her four children entered into an agreement by which her children assigned to her, for her lifetime, all of their income from the real estate of which E. B. Dean was seized and possessed at the time of his death and which they, along with their mother, had inherited from him. The agreement recites that the reason for such assignment was because the portion of the estate inherited by Mrs. Annie B. Dean was insufficient for her support, and the children were desirous that their mother should receive all of the income from the real estate during her lifetime, provided that Mrs. Annie B. Dean should pay all of the taxes, carry necessary insurance upon the buildings and keep said buildings in proper repair.

It appears that in February 1946, the appellant, Joel L. Dean, had returned from military service and being in need of money for a business venture, he along with George B. Dean, instituted a partition action against Annie B. Dean and the owners of the other one-half interest of a lot of land situate on East Main Street in the City of Spartanburg; the said E. B. Dean owning only a one-half interest therein at the time of his death. That action proceeded to judgment and the proceeds derived from the sale of said lot was placed in a trust fund, pursuant to order of court, the said Mrs. Annie B. Dean receiving the income therefrom for the remainder of her life.

It also appears that while the agreement of 1943 was still in full force and effect, that in March 1946 another agreement was prepared and signed by all of the parties who executed the original agreement, with the exception of James A. Dean, the respondent herein. This proposed new agreement assigned to Mrs. Annie B. Dean, during her lifetime, all of the income, rents and profits to accrue from the real estate which the parties had inherited from E. B. Dean. Mrs. Annie B. Dean obligated herself to pay all the taxes accruing against the property described in the agreement, to keep all the buildings located thereon insured,

and to keep such in a good state of repair. She agreed to devise all of her interest in the real estate which she inherited from her husband, E. B. Dean, and all her individual property, to her four children hereinbefore named in equal shares, the issue of any child who may be dead at the death of Mrs. Annie B. Dean to take *per stirpes* the share of the parent.

An examination of the agreement made in March 1946 shows that it is made "by and among" all of the parties aforementioned, and is made "in consideration of the undertakings of their mother, and each in consideration of the others' undertakings", and the obligation on the part of Mrs. Annie B. Dean is made "in consideration of the undertakings of the other parties, and each of them." In another paragraph of this agreement it is recited the contract is made "in consideration of the mutual undertakings herein set forth, to be faithfully performed, agree that they will not institute litigation for partition of the said real estate or any of it, during the lifetime of Mrs. Annie B. Dean." It is then recited that the agreement is executed by the parties in five counterparts, each of which shall be deemed to be an original.

The respondent, James A. Dean, did not execute this agreement, even though upon its face it shows that he was a proposed party thereto and a blank space was prepared for his written signature. All of the other parties did execute such agreement.

Mrs. Annie B. Dean died testate, on July 7, 1954, and by the terms of her Will she devised her individual real estate and her interest in the real estate inherited from her husband, E. B. Dean, to three of her grandchildren.

This action was instituted by the appellant seeking to enforce the provisions of the written agreement entered into in March 1946 by his mother, Mrs. Annie B. Dean, to devise her real estate described in such instrument to her four children in return for the stated consideration of the assignment of the income, rents and profits from said real

estate for her lifetime. George B. Dean and Mrs. Annie B. Arnold, along with George B. Dean, Jr., one of the devisees under the Will of Mrs. Annie B. Dean, filed an answer and joined in the prayer of the complaint. James A. Dean, individually and in his capacity as a representative of the estate of his mother, Mrs. Annie B. Dean, filed an answer denying the appellant's rights to the relief demanded, alleging *inter alia* that the aforesaid contract was not signed by him and that the same was therefore null and void and of no force and effect. His answer sets up other defenses with which we are not here concerned.

This cause was referred to the Master for Spartanburg County, who after taking the testimony, filed a Report denying plaintiff relief on the ground that the instrument sued upon was void and ineffective for the reason that it had never been delivered and was not binding because of the failure of James A. Dean to execute same. He also held that such instrument, even if not void, had been breached by the institution of a partition suit in 1946 by Joel L. Dean, in violation of such agreement, and that he was estopped by silence, conduct and the record to now assert the agreement. Upon exceptions to the Master's Report, the Honorable Bruce Littlejohn issued a Decree affirming the Report of the Master.

The Master and the Circuit Judge concluded that the 1946 contract was never binding because it was not signed by all the parties it purported to involve and bind. It was also concluded that it was the intention of the contracting parties that such contract should not be binding unless it was signed by all the parties. The Circuit Judge held that the intent of the 1946 agreement, with no single indication to the contrary, was clearly to the effect that each of the four children was to sign such agreement and if one failed to sign, then the agreement did not become effective. Having found this to be the intent of the parties, of course the contract could not take effect unless executed by all of the intended parties. It was also held that the contract was a

joint one and before it could be effective all of the parties thereto had to execute same.

A full review of all the evidence that is in the record and of the 1943 and 1946 contracts bring the inevitable conclusion that it was the intention of the contracting parties that the 1946 contract could not become effective and abrogate the 1943 contract unless and until it had been fully executed by all the parties.

The appellants, by four exceptions, raise the following questions: (1) Are children who sign and perform a contract which, among other things, provides for an assignment of income from real estate to their mother in return for a promise on her part to devise to them her interest in such real estate, entitled to enforce such agreement where one of the children did not sign? (2) Is there any evidence that plaintiff, or George B. Dean or Annie Belle Arnold, instituted a partition suit in 1946 in violation of the 1946 agreement? (3) Is there any allegation or proof which would support a finding that Joel L. Dean or George B. Dean or Annie Belle Arnold is estopped because of the partition action of 1946 to assert the agreement sued upon? (4) Was the contract of 1946 ever delivered?

If this Court concludes that it was the intention of the parties to the 1946 contract that it should not be effective until executed by all of the intended parties, then it becomes necessary only to consider the first question above stated.

As is heretofore stated, the Master and the Circuit Judge have concurred in a finding that it was the intention of the parties to the 1946 contract that such should not be effective unless signed by Mrs. Annie B. Dean and each of her four children. It is our view that the evidence fully sustains this finding. This being true, we are bound by the rule that in an equity case the findings of fact by a Master and concurred in by the Circuit Judge are conclusive upon this Court and will not be disturbed

unless it is shown that such findings are without any evidence to support them or are against the clear preponderance of the evidence. *Newton v. Batson,* 223 S. C. 545, 77 S. E. (2d) 212; *Archambault v. Sprouse,* 218 S. C. 500, 63 S. E. (2d) 459; *Phipps v. Phipps,* 216 S. C. 248, 57 S. E. (2d) 417, 16 A. L. R. (2d) 1426.

We have carefully studied the record and find that the facts amply support the holdings of the Master and such finding of facts has been affirmed and concurred in by the Circuit Judge. We are, therefore, bound by same.

In the case of *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193, 195, this Court said:

"Agreements should be liberally construed so as to give them effect and carry out the intention of the parties. In arriving at the intention of the parties to a lease, the subject matter, the surrounding circumstances, the situation of the parties, and the object in view and intended to be accomplished by the parties at the time, are to be regarded, and the lease construed as a whole. Different provisions dealing with the same subject matter are to be read together. *Bolt v. Ligon,* 144 S. C. 218, 142 S. E. 504; 32 Am. Jur., Sec. 127, Page 130, 131."

In 17 C. J. S., Contracts, § 62, p. 412, it is said:

"* * * The question as to whether those who have signed are bound is generally to be determined by the intention and understanding of the parties at the time of the execution of the instrument. The reason for holding the instrument void is that it was intended that all the parties should execute it and that each executes it on the implied condition that it is to be executed by the others, and, therefore, that until executed by all, it is inchoate and incomplete and never takes effect as a valid contract, and this is especially true where the agreement expressly provides, or its manifest intent is, that it is not to be binding until signed. * * *" Citing *Willard F. Deputy & Co. v. Hastings,* 2 W. W. Harr. Del., 345, 123 A. 33.

See also in this connection the cases of *Peacock v. Horne,* 159 Ga. 707, 126 S. E. 813; *Herndon v. Meadows,* 86 W. Va. 499, 103 S. E. 404; *Graham v. Caperton,* 176 Ala. 116, 57 So. 741; *Bruch v. Shafer,* 235 Pa. 590, 84 A. 515; *McDaniel v. Anderson,* 19 S. C. 211.

We also conclude that the 1946 contract, as is shown by the language used, the subject matter thereof, the obligation assumed, and the fact that there are no words of severance, creates a joint contract. Hence, it was necessary for all parties to sign such contract in order to make it effective.

In 12 Am. Jur., Contracts, paragraph 268, at page 814, it is said:

"Whether contract rights or duties are joint, several, or joint and several depends upon the meaning of the contract as ascertained by a proper interpretation thereof. The intention of the contracting parties, as revealed by the language of their contract and the subject matter to which it relates, determines whether a contract is joint or several. An obligation by, or a right given to, two or more persons is a joint obligation or right, and there should be distinct words of severance to produce a several responsibility or right.

"The general rule is that an obligation entered into by more than one person is presumed to be joint and that a several responsibility will not arise except by words of severance. In other words, an obligation undertaken by two is presumably joint in the absence of express words to render it several or joint and several or of a statute declaring every contract, though joint in its terms, to be several as well as joint.

"One of the rules for determining whether a contract is joint is whether the interest of the parties in the subject matter is joint."

Also, in Parsons on Contracts, Sixth Ed., Vol. I, at page 11, it is said:

"Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but on the other hand, there should be words of severance, in order to produce a several responsibility or a several right."

And again from 12 Am. Jur., Contracts, paragraph 316, at page 871, it is said:

"As a means of ascertaining the intention of the parties, various tests have been adopted. According to some authorities, the criterion is to be found in the question whether the quantity, service, or thing as a whole is of the essence of the contract. If it appears that it is to be performed only as a whole, the contract is entire. As a general rule, a contract is entire when, by its terms, nature, and purpose, it contemplates that each and all of its parts are interdependent and common to one another and to the consideration, and is severable when, in its nature and purpose, it is susceptible of division and apportionment."

We conclude that the 1946 agreement was not effective because it was the manifest intent of all parties thereto that it would not become effective unless signed by all intended parties. This being a joint contract or undertaking, in the absence of signatures by all intended parties, it cannot be enforced against those who in fact executed it.

For the foregoing reasons we are of opinion that the judgment of the lower court should be affirmed.

Due to the determination heretofore made, it becomes unnecessary to consider the other questions raised by the exceptions of the appellants or the sustaining ground proposed by the respondents.

Judgment affirmed.

STUKES, C. J., OXNER and LEGGE, JJ., and T. B. GRENEKER, A. A. J., concur.