17355

FRANKLIN ALVEN LARGE, Appellant, v. ALMA KATE LARGE, Individually and as Administratrix of the Estate of Thomas Alford Large, Deceased, et al., Respondents

(100 S. E. (2d) 825)

*Messrs. Funderburk & Neeley,* of Columbia, and *P. H. Arrowsmith,* of Florence, *for Appellant,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondents,*

November 26, 1957.

LEGGE, Justice.

Thomas A. Large died childless and intestate on May 8, 1955, leaving as his heirs and distributees his widow Alma, three sisters, and a brother. The complaint in this action alleged that when the plaintiff was about two years old his parents had "deeded" him to the said Thomas A. Large and his wife Alma in consideration of their promise that they would by proper devise and bequest make him equal with their own children in the distribution of their estate. It prayed that the deed be declared an equitable contract to

make the plaintiff an heir of Thomas A. Large; for specific performance of said contract, whereby he would receive one-half of the real and personal estate of said decedent; and for an order restraining the administratrix from distributing or disposing of any of the assets of the estate until final determination of the issues. The "deed", which was executed by the grantors in the presence of two witnesses, and probated, reads as follows:

"Whereas, Clyde Franklin Kelly, Sr., and Frances Brazell Kelly, his wife, feeling that it will be to the best interests of their son Clyde Franklin Kelly, Jr., of the age of two years on December 16, 1935, to commit the care, maintenance, tuition, and support of their son Clyde Franklin Kelly, Jr., to T. A. Large and Alma Mae Large, his wife, sister and brother-in-law of the said Clyde Franklin Kelly, Sr.; the said child having been in poor health and the said Clyde Franklin Kelly, Sr., and Frances Brazell Kelly, his wife, being unable to supply him with the necessary care, medicines, and medical attention, and

"Whereas, the said T. A. Large and Alma Mae Large, his wife, do accept the care, custody, and maintenance, tuition, and support of the said Clyde Franklin Kelly, Jr., for and during such time as he shall remain under the age of twenty-one (21) years, and further agree that the said Clyde Franklin Kelly, Jr., shall by proper devise and bequest be made equal with their own children in the distribution of their estates, and that they will further hold all property which might now or hereafter belong to the said Clyde Franklin Kelly, Jr., and the increase thereof for his support until he shall have married or arrived at the age of twenty-one (21) years.

"Now, Therefore, Know All Men by These Presents, That we, Clyde Franklin Kelly, Sr., and Frances Brazell Kelly, his wife, for and in consideration of the promises above stated, have agreed to and do hereby commit the care, custody, maintenance, tuition, and education of their son, Clyde Franklin, Jr., of the age of two years on December 16,

1935, to T. A. Large and Alma Mae Large, his wife, for and during such time as he shall remain under the age of twenty-one (21) years, together with all the rights, privileges, and benefits that would be exercised by us as his parents over and in respect to the said Clyde Franklin Kelly, Jr.

"To Have and to Hold the said Clyde Franklin Kelly, Jr., unto the said T. A. Large and Alma Mae Large, his wife, against us and any and all persons claiming or to claim any interest, right, or privilege through us in and to the said Clyde Franklin, Jr.

"Witness our hands and seals this 8th day of May, A. D., 1936, and in the One Hundred and Sixtieth year of the Sovereignty and Independence of the United States of America."

The defendants pleaded, *inter alia,* that if the deed created a contract to devise, the plaintiff was not entitled to specific performance because of his unworthy, undutiful and unfilial conduct.

The Master, to whom the cause had been referred generally, took testimony and filed his report recommending that the relief sought by the plaintiff be denied on several grounds, among them that the plaintiff had been guilty of such unfilial conduct that he was not entitled to specific performance of the alleged contract.

Plaintiff having excepted to the Master's report, the cause came on to be heard before the Honorable G. Badger Baker, Judge of the Twelfth Judicial Circuit, who by his decree of April 20, 1957, confirmed the finding before mentioned and dismissed the complaint. We quote from the decree:

"The Plaintiff lived with Mr. and Mrs. Large, as a son, and so recognized by the community, on their farm in this county. When about the age of fourteen he was committed to the Industrial School for Boys by the Probate Judge of this county, Mr. Large being the chief complainant. He stayed several months in this institution and when released

upon probation he returned to his foster home. At the age of sixteen (16) the Plaintiff, misrepresenting his age as seventeen (17), enlisted in the National Guard, for the reason, as expressed by him, 'to get away from home'. The local unit of the guard was activated and Plaintiff served in the army until his discharge when he was eighteen years of age. He returned to the home of his foster parents and stayed four or five months but left, and came to Florence to live because he was not permitted to do as he pleased. One of the reasons given by Plaintiff as a cause for leaving was 'I had took up the habit of drinking a little which I hadn't before and I would come in a little bit rowdy or late at night from seeing my girl friends and my mother would complain about it or he would say something to me about it so I just upped and left and I moved to town and got me a room here in town.'

"The Plaintiff married and after several months returned with his wife, to the Large farm, stayed there four or five months, left again, went to Columbia, S. C., and has been living there to this date. Again friction was the cause of the departure, principally, drinking."

\* \* \*

"It is well recognized that the remedy of specific performance depends upon the equities of the situation as disclosed by a just consideration of all circumstances of a particular case, that is, the judicial discretion is to be exercised in accordance with settled rules and principles of equity.

"Although not expressly stated, there is implied a consideration in the deed of the society, companionship and filial obedience of the Plaintiff. Mr. and Mrs. Large did not have children of their own and in accepting the care, custody, and maintenance of the infant Plaintiff they were no doubt prompted by the love which they had for the baby and looked forward with pleasure to anticipated society, companionship and filial devotion from the one they received as a son.

"The life, activities and filial conduct of the Plaintiff were fairly normal until he reached the approximate age of fifteen. It is true there was friction but nothing so significant as to be labeled 'filial misconduct.' From the age of fifteen we find a well defined attitude prominently displayed by Plaintiff. He became rebellious and intolerant of parental authority. Forgotten was society, companionship, love or respect, supplanted by the rule of 'I should do as I please'. The evidence in this respect has been briefly referred to heretofore.

"The conduct of Plaintiff in his later youthful years does not justify the interposition of the arm of equity. The record is filled with the efforts of Mr. Large to raise the Plaintiff as a natural son. He bestowed upon Plaintiff his love, companionship and material maintenance within his financial ability. In fact, the paternal devotion of Mr. Large overshadows the maternal care of Mrs. Large.

"In return the Plaintiff, in his mid-teens, was neither solicitous of nor receptive to the care, companionship and love of his benefactor. When he refused to live on an equitable basis in his foster home, he left himself without an equitable base upon which to present this cause of action.

"Plaintiff's exceptions are dismissed, the Master's Report confirmed in result and Plaintiff's complaint dismissed."

From Judge Baker's decree plaintiff now appeals upon the following exception:

"It is respectfully submitted that the trial Judge erred in failing to grant plaintiff specific performance of the contract to devise, upon the grounds that plaintiff is entitled to specific performance thereof as a matter of law, and further that the testimony and evidence fails to show that plaintiff was guilty of unfilial conduct towards the decedent, T. A. Large, as would deprive him of specific performance thereof."

In substance, the exception above quoted contains but one assignment of error, viz.: that the testimony and evidence fail to show that plaintiff was guilty of such unfilial conduct toward the decedent, T. A. Large, as would deprive him of the right to specific performance of the "contract to devise". If we view the words: "that plaintiff is entitled to specific

performance thereof as a matter of law" as purporting to be an additional exception, it is manifest that they do not meet the requirement of Rule 4, Section 6. *Cf. Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581.

The circuit decree held that in the "deed" by which the care, custody and education of appellant, then an infant of tender years, were committed to decedent and his wife, there was implied an agreement that appellant would, when old enough to do so, render filial obedience to his foster parents and give to them his companionship and filial devotion; and consequently that unfilial conduct on his part, to the degree shown by the evidence, warranted refusal by a court of equity to exercise in his behalf its power to compel specific performance. Whether or not the premise thus stated is a sound principle of law, applicable generally to contracts of this nature, is a matter that we need not decide. Its correctness is not challenged by the exception here, and it is therefore the law of the case. *Priester v. Brabham,* 230 S. C. 201, 95 S. E. (2d) 167; *Meyerson v. Malinow,* S. C., 97 S. E. (2d) 88; *White v. Livingston,* S. C., 98 S. E. (2d) 534.

Appellant's position is that there was not sufficient evidence of unfilial conduct to warrant the court, under the principle before stated, in refusing to decree specific performance. We have carefully considered the testimony bearing on this issue, and need not review it in detail here. It is fairly reflected in that portion of Judge Baker's decree which we have quoted *ante.* In our opinion it was amply sufficient to support the concurrent findings of the Master and the Circuit Judge, which this court will not disturb unless unsupported by the evidence, or against its clear preponderance. *Miller v. Miller,* 225 S. C. 274, 82 S. E. (2d) 119; *Dean v. Dean,* 229 S. C. 430, 93 S. E. (2d) 206; *Watson v. Little,* 229 S. C. 486, 93 S. E. (2d) 645.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.